78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis DeLUCA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3893.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided Feb. 28, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellant Dennis DeLuca petitioned pursuant to 28 U.S.C. § 2255 for relief from his sentence. The district court denied his petition on the grounds that his claims were procedurally barred due to his failure to raise them in a direct appeal. DeLuca appeals, and we affirm.
 
 
 2
 On October 24, 1991, DeLuca pleaded guilty to charges derived from his participation in a conspiracy to grow and distribute marijuana. The district court added a two-level obstruction of justice enhancement at sentencing, pursuant to U.S.S.G. § 3C1.1, because the court found that DeLuca attempted to obfuscate ownership of the farm where he grew marijuana by selling it shortly after he become aware that his operation was being investigated.
 
 
 3
 DeLuca did not file a direct appeal. He instead brought the present section 2255 action, claiming that the quantity of marijuana used at sentencing was improperly calculated and that the obstruction of justice enhancement was erroneous.[1] The district court denied the motion on procedural grounds, finding that DeLuca had not established cause for or prejudice from his failure to raise his claims on direct appeal. DeLuca filed a timely notice of appeal.
 
 
 4
 On appeal, DeLuca argues that his Sixth Amendment right to assistance of counsel was violated when his trial counsel allegedly disobeyed his instructions to file a direct appeal. This is a new argument; before the district court, his section 2255 petition stated that no appeal had been filed on "advice of counsel" and broadly asserted that his failure to file a direct appeal did not bar plenary post-conviction relief. In his reply brief, DeLuca again brings forward fresh material: he asserts that his pro se briefs before the district court and his opening appellate brief were ghostwritten by an inmate falsely purporting to be a licensed attorney, which he argues constituted a further denial of his right to effective assistance of counsel. He also abandons his challenge to the marijuana quantity and focuses on the obstruction of justice sentencing enhancement.
 
 
 5
 DeLuca is correct that an attorney's refusal to file a direct appeal despite the insistence of his client is a per se violation of the Sixth Amendment. Castellanos v. United States, 26 F.3d 717, 719 (7th Cir.1994). However, he has waived this claim for failure to raise it before the district court. Mills v. Jordan, 979 F.2d 1273, 1277 (7th Cir.1992). With regard to his complaint that he was inveigled by the inmate who helped him prepare his section 2255 petition, we note that one has no constitutional right to post-conviction counsel. Coleman v. Thompson, 501 U.S. 722, 752-55 (1991). It was DeLuca's responsibility to ensure that his grievance with his trial counsel was brought to the attention of the district court, and he failed to do so.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Absent extraordinary circumstances, challenges to guideline calculations are not cognizable in a section 2255 petition. See Soto v. United States, 37 F.3d 252, 254 (7th Cir.1994); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993). We may consider DeLuca's claim, however, that he was denied his right to raise these issues on direct appeal by his counsel's failure to file a notice of appeal; what DeLuca seeks is not collateral relief on the sentencing claims, but a restoration of his forfeited direct appeal