78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence NEUMANN, Petitioner-Appellant,
v.
Thomas PAGE, Warden, Menard Correctional Institute,
Respondent-Appellee.
 No. 95-2237.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 9, 1996.
Decided Feb. 28, 1996.
 
 Before WOOD, ESCHBACH and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Lawrence Neumann, an inmate at the Menard Correctional Center in Illinois, appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial in 1983, petitioner was convicted of murder, murder while committing armed robbery, and murder while committing burglary. He was sentenced to life imprisonment. The underlying facts are found in the Illinois Appellate Court opinion which affirmed petitioner's conviction and sentence.[1]
 
 
 2
 Now, fifteen years after the crime and eleven years after his conviction, petitioner brings this action in order to raise a jury selection claim. At issue in this proceeding is petitioner's allegation that Cook County prosecutors systematically excluded African-Americans from jury panels, including petitioner's jury, in violation of the Sixth and Fourteenth Amendments to the Constitution. Petitioner is a Caucasian.
 
 
 3
 This jury issue was not, however, raised in petitioner's state court trial or direct appeals. Furthermore, petitioner acknowledges that he may no longer file for post-conviction relief in state court as the statutory limitation period has expired. 725 ILCS 5/122-1. As the district court recognized, however, petitioner may overcome his procedural default if he is able to show cause for the default and actual prejudice as a result of the alleged violation of federal law. Mills v. Jordan, 979 F.2d 1273, 1277 (7th Cir.1992) (citation omitted).
 
 
 4
 In an effort to show cause, petitioner claims that, during the course of his state court proceedings, the factual and legal bases upon which he bases this present action were nonexistent or overly "murky." The district court rejected this argument after concluding that the law was adequately developed and that the facts were reasonably available to petitioner prior to the end of his state court proceedings. Accordingly, the district court did not discuss whether petitioner had shown prejudice. The only issue on appeal is whether the district court erred in concluding that petitioner had failed to show sufficient cause for his default.
 
 
 5
 First, we address the district court's conclusion that the legal authority for petitioner's claim was sufficiently established at the time of petitioner's state court proceedings. As the district court noted, Swain v. Alabama, 380 U.S. 202 (1965), which was decided approximately eighteen years prior to petitioner's trial, held that criminal defendants had an equal protection right to not have African-Americans systematically excluded from juries through the use of preemptory strikes. Later, in Peters v. Kiff, 407 U.S. 493 (1972) (plurality opinion), the bringing of cross-racial discrimination claims in the jury selection context was approved. See also United States v. Gometz, 730 F.2d 475 (7th Cir.) (en banc), cert. denied, 469 U.S. 845 (1984). Petitioner concedes that these preexisting precedents would have provided support for his claim, but he claims that this authority was not "as clear" as it later became.
 
 
 6
 Be that as it may, we believe that these authorities were "clear enough" at the time of petitioner's state court proceedings. The further refinements which have taken place in this area may have helped to more clearly establish petitioner's claim, but we nonetheless conclude that all of the essential legal ingredients were in existence beforehand: Swain outlawed systematic discrimination in the jury selection process, thereby providing petitioner with a sufficient legal basis to support his claim; Peters allowed white individuals to bring such claims when blacks were wrongfully excluded, thereby conferring standing upon petitioner to raise this claim. Therefore, we uphold the district court's conclusion that federal law provided petitioner with a sufficient legal basis for relief.
 
 
 7
 Second, we address the district court's conclusion that the evidence submitted in support of this petition was reasonably available prior to the end of petitioner's state court proceedings. As factual support for his claim, petitioner offers the affidavits of a number of local attorneys. These affidavits state that, at the time of petitioner's trial, it was a common practice in Cook County to exclude African-Americans from jury panels. More importantly, the affiants further state that they "believed then and now that racial discrimination was the reason for the practice" (emphasis added).
 
 
 8
 The district court concluded, and we agree, that this language demonstrates that this evidentiary material was reasonably available at the time of petitioner's state court proceedings. Petitioner argues that the systematic nature of the discrimination was not sufficiently obvious, despite the personal observations of petitioner's trial counsel. This argument is unavailing.
 
 
 9
 We have long recognized ... that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim. Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.
 
 
 10
 Engle v. Isaac, 456 U.S. 107, 134 (1982) (footnote omitted).
 
 
 11
 We have also considered and rejected petitioner's other arguments. Accordingly, we affirm the decision of the district court.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 People v. Neumann, 499 N.E.2d 487 (Ill.App.Ct.1986), appeal denied, 505 N.E.2d 359 (Ill.), and cert. denied, 481 U.S. 1051 (1987)