**Samuel D. MILLS, Petitioner–Appellant,**

v.

**D. Bruce JORDAN, Respondent–Appellee.**

**No. 91–3767.**

United States Court of Appeals, Seventh Circuit.

Argued Aug. 4, 1992.

Decided Nov. 19, 1992.

Michael T. Brody, Jerold S. Solovy, Barry Sullivan, Daniel S. Goldman (argued), Ruth A. Bahe–Jachna, Jenner & Block, Chicago, Ill., for petitioner-appellant.

David A. Arthur, Deputy Atty. Gen., Ronald J. Semler, Asst. Atty. Gen. (argued), Federal Litigation, Indianapolis, Ind., for respondent-appellee.

Before CUDAHY and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

CUDAHY, Circuit Judge.

Samuel Mills received a two-year sentence for auto theft, which was enhanced by 30 years under Indiana's habitual offender statute, Ind.Code § 35–50–2–8.[1] One of the predicate offenses for the enhancement was a 1965 Florida felony conviction for larceny of an automobile. Claiming that the 1965 larceny conviction was constitutionally defective, Mills petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed Mills' petition under Rule 8(a) of the Rules Governing Section 2254 Cases, holding that he procedurally defaulted on the issue of the constitutionality of the 1965 larceny conviction. This case concerns an attempt by Mills, who claims to be innocent of the crime for which he was convicted in 1965, to collaterally attack the 30–year enhancement of his sentence on the basis of the "miscarriage of justice" exception to the procedural default rule.

I.

Samuel Mills has been in and out of prison since 1965. Mills' present incarceration stems from a 1981 arrest in Indiana for auto theft. Based on his criminal history, he was also charged with being an habitual offender under Ind.Code § 35–50–2–8. In the first part of a bifurcated trial, a jury convicted Mills of auto theft. In the second part, the jury considered evidence of Mills' prior felony convictions. This evidence consisted of (among other things) certified copies of: Mills' sentence in Florida in 1964 for breaking and entering; Mills' judgment and sentence in Florida in 1965 for larceny of an automobile indicating that he received one year in prison; Mills' judgment and commitment in the Western District of Arkansas in 1967 for transporting a stolen motor vehicle in interstate commerce for which he received 30 months' imprisonment; and a court journal entry reflecting Mills' guilty plea in Ohio in 1978 for defrauding a livery. Mills also admitted on cross-examination that he was guilty of these offenses. Trial Tr. at 303. The jury returned a general verdict finding Mills to be an habitual offender.[2] His two-year sentence for auto theft was thus enhanced by 30 years under the habitual offender statute.

In 1991, Mills filed a pro se petition for a writ of habeas corpus in the district court for the Southern District of Indiana. In his petition, Mills attacked the 1965 larceny conviction as unconstitutional claiming that he had received ineffective assistance of counsel and that his guilty plea was not knowingly and intelligently made. The court found that Mills had procedurally de-

---

1. The statute provides in part that
 (d) A person is an habitual offender if [the trier of fact] finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions.

2. The state trial record was not made part of the original record on appeal. We ordered that the record on appeal be supplemented with the state trial record. Order of August 6, 1992.

faulted on these challenges to the 1965 larceny conviction by neither appealing nor collaterally attacking it. Finding no "cause" for this procedural default, the court dismissed his petition. Mills appealed, and this court ordered that counsel be appointed.

The parties seem to have accepted the proposition that there was a procedural default in Florida (with respect to the 1965 conviction) that bars federal habeas relief (with respect to the Indiana habitual offender conviction) unless cause and prejudice or a miscarriage of justice can be shown. Perhaps the conclusion that there was a procedural default is compelled by case law in this circuit. *See Henderson v. Cohn,* 919 F.2d 1270, 1272 (7th Cir.1990). Thus, even though Mills' challenge to one of the predicate offenses upon which his present custody is based is cognizable in a federal habeas proceeding, *Crank v. Duckworth,* 905 F.2d 1090, 1091 (7th Cir.1990), the parties seem to have agreed that we may not reach the merits of his claim unless the "miscarriage of justice" exception applies. As a matter of first impression, there seems to be a real question whether any interest of the State of Florida is implicated in this proceeding. The State of Florida, of course, was not represented below, and the State of Indiana is relying upon an interest of Florida, which Indiana presumes to be a factor here.

■ A federal habeas petitioner has procedurally defaulted his claim when he has "exhaust[ed] his state remedies without obtaining any decision on the merits of his federal constitutional claim because he has failed to comply with state procedural rules on how the claim must be raised." Charles A. Wright, *et al.,* 17A *Federal Practice and Procedure* § 4266 at 433 (2d ed. 1988). Although the Supreme Court has over the years greatly expanded the extent to which procedural default constitutes an adequate and independent state ground for affirming a conviction, *compare Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) *with Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) *and Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the use of a

state procedural bar for this purpose presupposes the existence of some state interest that would be trammeled were the federal court to reach the merits of the habeas petition. *See Coleman,* —— U.S. ——, 111 S.Ct. at 2559 ("It is the State that must retry the petitioner if the federal courts reverse his conviction.... [I]t is primarily respect for the State's interests that underlies the application of the independent and adequate state ground doctrine in federal habeas."). The procedural default doctrine thus derives from notions of comity. *Wainwright,* 433 U.S. at 83, 97 S.Ct. at 2504; *Coleman,* —— U.S. ——, 111 S.Ct. at 2554.

This case requires an unusual application of these principles. The State of Indiana clearly has an interest in enforcing its habitual offender statute, and the federal courts will not entertain on habeas any constitutional challenges to Mills' habitual offender conviction that were not pursued to the highest Indiana court. But no one contends that Mills has defaulted in Indiana; thus, Mills' incarceration cannot be justified upon the independent and adequate state ground of procedural default in the Indiana courts. Nevertheless, the district court held, and the parties apparently agree, that Mills failure to challenge his 1965 *Florida* conviction constitutes a procedural default sufficient to bar consideration of his habeas petition. The State of Florida is apparently the only one, other than Mills, of course, potentially interested in the 1965 conviction. Yet Mills served his Florida sentence, and it is difficult to see how Florida has any interest in preserving the vitality of the 1965 conviction for purposes of sustaining a subsequent habitual offender conviction in another state. Why then does procedural default, a doctrine rooted in federal-state comity, apply at all? This seems to us to be a puzzling question.

■ As noted, the procedural default rules, which are strict, serve important interests of federalism, but the rules do not appear to apply when federalism considerations are not present. *See, e.g., Brecht v. Abrahamson,* 944 F.2d 1363, 1372 (7th Cir. 1991) (noting that federalism concerns are "at the forefront of any discussion of the

scope of [federal] collateral review"). To the extent Indiana has interests, such as in correcting its own mistakes, *Coleman,* ——— U.S. ———, 111 S.Ct. at 2555, the procedural default rules are intended to ensure that the federal courts will not run roughshod over them. Similarly, the Florida conviction in the case before us would be immune from collateral attack in the federal courts (on the basis of procedural default) were Mills challenging it as such. But, because the federal habeas attack is on an Indiana habitual offender conviction, there appears to be no obvious Florida interest involved. Mills' habeas petition does not threaten the procedural integrity of the Florida criminal justice system; hence, the logic of applying Florida procedural default rules in the absence of a Florida interest is not apparent.[3]

■ Nevertheless, the argument that Florida has no further interest in a 1965 conviction in that state and that, therefore, a Florida "procedural default" is not a bar to considering Mills' claims on the merits has not been made and is thus waived. Both parties agree that there has been a procedural default and we must proceed with our analysis accordingly.

## II.

■ A habeas petitioner can overcome a procedural default by showing either (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* ——— U.S. ———, ———, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). On appeal, Mills does not dispute the district court's conclu-

sion that he failed to show cause. Rather, he argues that dismissal on procedural grounds is wrong because it would result in a fundamental miscarriage of justice. The state responds that Mills has waived the "miscarriage of justice" argument by not presenting it to the district court in his habeas petition.

### A. *Did Mills Waive the "Miscarriage of Justice" Argument?*

■ Generally, an argument not presented to the district court is waived on appeal. *Smith v. Fairman,* 862 F.2d 630, 634–35 (7th Cir.1988), *cert. denied,* 490 U.S. 1008, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989). However, Mills denies that he waived the "miscarriage of justice" argument. Conceding that he did not make this argument in the manner expected of experienced counsel, Mills nevertheless argues that he "clearly raised this issue by asserting his innocence in his habeas petition." Reply Br. 3.

In his pro se petition, Mills made several statements that could be construed as claims of innocence of the 1965 larceny. For example, he states that "[t]here was no factual basis to establish that a Crime was ever committed." He also claims that "[c]ross-examination would have elicited testimony that [Mills] was indeed innocent." Finally, Mills states that he "professed to Counsel that he did not steal the automobile." Given these assertions, Mills has at least a plausible claim that his "miscarriage of justice" argument was apparent from his petition. *Woods v. Thieret,* 903 F.2d 1080, 1082 (7th Cir.1990).

At this point, we must also consider the nature of the "miscarriage of justice" doc-

---

**3.** This case also raises questions about what it means to "default." Clearly, in the ordinary case a default occurs when a defendant has failed to press a constitutional challenge to his conviction to the highest state court, thereby failing to accord the state courts a full opportunity to correct any constitutional errors. Mills, however, has preserved all of his constitutional claims pertaining to his *habitual offender conviction,* but has failed to attack the validity of the 1965 conviction in the Florida courts. But, of course, there was no reason for him to do so since the conviction resulted only in a one-year sentence, to run concurrently with another of longer duration, that was promptly served.

Why then would Mills be moved to challenge his conviction in the Florida courts? Only when Mills was charged many years later with being an habitual offender was the 1965 conviction material, and at that time it was apparently too late to bring a constitutional challenge in Florida state courts. The record adequately discloses Mills' continuing difficulties with the law, but until Indiana charged him under its habitual offender statute, Mills had little reason to give much thought to any constitutional violations committed some twenty-five years ago. If there is a default here, it is certainly of a different character than in the usual case.

trine. That doctrine differs qualitatively from other legal arguments in that, by its very nature, it serves as the last line of defense against a fundamentally unjust incarceration. Strictly applying the waiver rule where the petitioner has arguably invoked the "miscarriage of justice" doctrine would be inconsistent with this role. We therefore proceed to consider the merits of Mills' "miscarriage of justice" argument.

### B. *Would there be a Fundamental Miscarriage of Justice if Mills' Claims were not Reviewed on the Merits?*

Even in the absence of a showing of cause and prejudice for a procedural default, a district court may grant a petition for a writ of habeas corpus in the case of a fundamental miscarriage of justice, i.e., where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). But "actually innocent" of what? In the typical case where the petitioner attacks the conviction for which he is incarcerated, the meaning is clear: actually innocent of the crime for which he was convicted and which he is now attacking. *See Sawyer v. Whitley,* — U.S. —, —, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992) ("A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime."). But what about a case such as this one where the petitioner attacks a sentence enhancement on the ground that one of the predicate convictions was invalid? Must Mills show that he is actually innocent of the crime for which he was convicted in 1965 or must he make the related but different showing that he is actually innocent of being an habitual offender?

For guidance we look to those Supreme Court cases applying the actual innocence exception to capital sentencing decisions. In *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 2667–68, 91 L.Ed.2d 434 (1986),

the petitioner had been convicted of murder and sentenced to death. In his federal habeas petition, he challenged the admission of a psychiatrist's testimony concerning the petitioner's description of prior deviate sexual conduct. The Supreme Court found that the petitioner had procedurally defaulted on any challenge to the admission of the psychiatrist's testimony. Acknowledging that "the concept of 'actual,' as distinct from 'legal,' innocence does not translate easily into the context of an alleged error at the sentencing phase of a capital offense," *id.* at 538, 106 S.Ct. at 2668, the Court nevertheless went on to consider the actual innocence exception to the procedural default rule. Since there was no allegation that the psychiatrist's testimony was in any way false or misleading, the Court found that the admission of his testimony did not "pervert the jury's deliberations concerning the ultimate question whether *in fact* petitioner constituted a continuing threat to society." *Id.* (emphasis in original).

In *Sawyer v. Whitley,* — U.S. —, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), the Court elaborated upon the standard for determining whether a petitioner bringing a successive, abusive, or procedurally defaulted habeas claim has shown that he is "actually innocent" of the death penalty, thereby enabling a court to reach the merits of his claim.[4] From *Sawyer* it is clear that the Court continues to apply the actual innocence exception to capital sentencing decisions.

Although Mills' case does not involve capital sentencing, we find similarities between Mills' case and *Sawyer* that justify the application of the actual innocence exception to Mills' sentence as an habitual offender. First, the procedures by which the sentences were determined were similar. In both cases, the sentencing decision resembled a factual determination of

---

**4.** The Court held that "to show 'actual innocence' one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petition-er eligible for the death penalty under the applicable state law." *Id.* — U.S. at —, 112 S.Ct. at 2517.

guilt or innocence.[5] Such a determination is one to which the actual innocence exception typically applies. *Sawyer*, —— U.S. at ——, 112 S.Ct. at 2519. Second, the substance of Mills' claim is similar to that considered in *Sawyer*. The question in *Sawyer* was not whether the petitioner was innocent of the murder for which he was convicted, but rather whether he was innocent of the aggravating factors upon which his death sentence was based. Similarly, Mills is not claiming that he is innocent of the Indiana auto theft, but rather that he is innocent of a fact (the 1965 larceny conviction) necessary to sentence him as an habitual offender. Although the issue is not well-settled,[6] we conclude that the actual innocence exception applies to habitual offender proceedings such as Indiana's whether or not they involve the possibility of capital punishment. To obtain the benefit of the actual innocence exception, Mills must therefore show that he is actually innocent of being an habitual offender.

We do not believe that Mills is able to make this showing. In deciding Mills' direct appeal, the Indiana Supreme Court referred to two previous felonies committed by Mills. *Mills v. State*, 512 N.E.2d 846, 850 (Ind.1987). Specifically, the court stated that in 1967, Mills

> was apprehended in Arkansas while transporting a stolen motor vehicle. A number of years passed before he was convicted in Ohio of unauthorized use of a vehicle in 1978.... [T]hese felonies occurred over a long period of time and there was an eleven-year hiatus between convictions.

*Id.* at 849. Thus, according to the Indiana Supreme Court, Mills had two prior unrelated felony convictions other than the allegedly unconstitutional 1965 larceny conviction.

 Federal courts must presume the correctness of the factual findings of state courts, 28 U.S.C. § 2254(d), including state appellate courts. *Anderson v. Thieret*, 903 F.2d 526, 530 (7th Cir.1990). The one potentially applicable exception is where the factual determination "is not fairly supported by the record." 28 U.S.C. § 2254(d)(8). Our review of the record as a whole reveals abundant evidence supporting the habitual offender finding. The state produced documentation of several prior felony convictions other than the allegedly unconstitutional 1965 larceny conviction. In addition, Mills admitted on cross-examination in the habitual offender portion of the trial that he was guilty of these offenses. Trial Tr. at 303. Mills contends that the Indiana Supreme Court's reference to his criminal history failed to establish that the state *proved* the two prior convictions beyond a reasonable doubt as required by the habitual offender statute. This is a claim of legal innocence rather than actual innocence, and thus it has no application in the miscarriage of justice context. *Sawyer*, —— U.S. at ——, 112 S.Ct. at 2519 (noting that "the miscarriage of justice exception is concerned with actual as compared to legal innocence").

In light of the Indiana Supreme Court's finding and the evidence in the record, we must accept that Mills does indeed have at least two valid felony convictions that can serve as predicate offenses under the Indiana habitual offender statute. Mills thus cannot demonstrate that he is actually innocent of being an habitual offender. Consequently, he cannot establish that a fundamental miscarriage of justice oc-

**5.** For example, in *Sawyer* as in this case, the sentencing decision was based on evidence presented at a separate proceeding that formally resembled a trial, and the prosecution had to prove certain facts beyond a reasonable doubt. See *Sawyer*, —— U.S. at ——, —— n. 9, 112 S.Ct. at 2517, 2520 n. 9.

**6.** *Compare Grooms v. Lockhart*, 919 F.2d 505, 508 (8th Cir.1990) (per curiam) (considering whether habeas petitioner is actually innocent of being an habitual offender) *and Pilchak v. Camper*, 741 F.Supp. 782, 796 (W.D.Mo.1990) (holding that actual innocence rule applies to non-capital sentencing phase of trial), *aff'd*, 935 F.2d 145 (8th Cir.1991) *with United States ex rel. Henderson v. Thieret*, 671 F.Supp. 1193, 1201 (N.D.Ill.1987) (holding that actual innocence rule applies only to capital sentencing), *aff'd on other grounds*, 859 F.2d 492 (7th Cir.1988), *cert. denied*, 490 U.S. 1009, 109 S.Ct. 1648, 104 L.Ed.2d 163 (1989).

curred when the district court refused to consider the merits of his claim.

### III.

For the foregoing reasons, the dismissal of Mills' habeas petition is AFFIRMED.