**William HOPE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 97–8011.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 7, 1997.

Decided Feb. 20, 1997. *

Kathleen T. Zellner (submitted on briefs), Daniel W. Pisani, Zellner & Associates, Naperville, IL, for Petitioner.

James B. Burns, Office of the United States Attorney, Chicago, IL, for Respondent.

Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.

POSNER, Chief Judge.

After William Hope was convicted of federal crimes and his conviction affirmed in *United States v. Hope*, 906 F.2d 254 (7th Cir.

---

\* The opinion was originally released in typescript in order to ensure compliance with the deadline in 28 U.S.C. § 2244(b)(3)(D) for ruling on applications for permission to file second or successive motions for federal collateral review of state or federal convictions. Although the section re-

fers only to habeas corpus for state prisoners, the last paragraph of section 2255 incorporates it by reference with regard to motions by federal prisoners under section 2255, the habeas corpus substitute for such prisoners.

1990), he sought to vacate his sentence under 28 U.S.C. § 2255, the federal prisoner's substitute for habeas corpus. His motion was denied and the denial affirmed. *Hope v. United States,* 43 F.3d 1140 (7th Cir.1994). He now seeks our permission to file, on the basis of newly discovered evidence, a second 2255 motion, which under the recent amendments made to the statute by the Antiterrorism and Effective Death Penalty Act of 1996 he may do only if the evidence would enable him to show that "no reasonable factfinder would have found the movant guilty of the offense" of which he had been convicted. The only nonfrivolous issue that the proposed motion presents, however, is whether Hope's sentence was properly enhanced on the basis of his being a career criminal. The motion (more precisely the nonfrivolous part of the motion, and we ignore the rest) thus assumes that he was guilty of the offense of which he was convicted. His only quarrel is with the sentence, and thus the motion does not fit within the narrow confines of the amended statute, at least if it is interpreted literally.

Should it be interpreted literally? Courts that before the amendment had to decide whether an application for postconviction relief came within the "actual innocence" exception to the requirement of proving cause and prejudice in order to be permitted to revive a waived ground for relief extended the exception to sentencing issues, e.g., *Sawyer v. Whitley,* 505 U.S. 333, 340–41, 112 S.Ct. 2514, 2519–20, 120 L.Ed.2d 269 (1992); *Callins v. Johnson,* 89 F.3d 210, 214 (5th Cir.1996)—and (at least in this circuit) not only in capital cases. *Mills v. Jordan,* 979 F.2d 1273, 1278 (7th Cir.1992); contra, *Reid v. Oklahoma,* 101 F.3d 628, 630 (10th Cir. 1996). But we do not think the exception survives the amendment. The "actual innocence" exception of the prior law was judge-made, and so its contours were appropriately judge-fashioned and permissibly judge-expanded. The exception in the new law is graven in statutory language that could not be any clearer. When we consider how limited the review of sentencing traditionally was, how strongly Congress evidently disfavors successive rounds of collateral attacks on duly reviewed convictions such as that of Hope, how doubtful it is that any violation of the sentencing guidelines rises to the level necessary to justify collateral relief even under the standards of the old law, *Scott v. United States,* 997 F.2d 340 (7th Cir.1993), and the absence of any indication in the legislative history that "offense" was being used in some special sense different from its ordinary meaning, we think it highly unlikely that Congress intended the word to bear a special meaning. The same conclusion has been reached by the only other appellate court to have addressed the issue in a published opinion. *Greenawalt v. Stewart,* 105 F.3d 1268, 1277, 105 F.3d 1287, 1287–88 (9th Cir. 1997) (per curiam).

We conclude that a successive motion under 28 U.S.C. § 2255 (and presumably a successive petition for habeas corpus under section 2254, governing habeas corpus for state prisoners, which has materially identical language) may not be filed on the basis of newly discovered evidence unless the motion challenges the conviction and not merely the sentence. Hope's application for permission to file a successive 2255 motion is therefore

DENIED.