**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-41389

_____

MICHAEL WAYNE HALEY,

Petitioner-Appellee,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent - Appellant.

_____

Appeal from United States District Court
for the Eastern District of Texas

_____

September 27, 2002

Before DeMOSS, STEWART, and DENNIS, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The respondent appeals fro m the district court's grant of habeas corpus in favor of the

defendant, Michael Wayne Haley ("Haley"). Finding no error, we affirm. The only issue before us is

whether the district court properly granted habeas relief to Haley for his insufficiency-of-the-evidence

claim. Thus, we recite only those facts pertinent to our decision.

FACTUAL AND PROCEDURAL BACKGROUND

Haley, an inmate of the Texas Department of Criminal Justice, Institutional Division,

proceeding *pro se*, filed a federal application for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

asserting that his conviction was illegal.

On October 29, 1997, Haley was convicted of a "state jail felony," which is a felony in the second degree, and was sentenced as a habitual felony offender. See TEX PENAL CODE ANN. §§ 12.35 and 12.42. Antecedent to the conviction, Haley was indicted for theft, a Class A misdemeanor, which was enhanced to a "state jail felony" by his two prior theft convictions.[1] In addition, the indictment alleged two prior felony convictions for delivery of amphetamines and aggravated robbery.[2] Together, these two prior convictions enhanced his "state jail felony" to a second degree felony. Because the indictment alleged two prior felony convictions, Haley was classified as an habitual felony offender resulting in an enhanced sentence at the punishment phase of his trial.

During the punishment phase of Haley's trial, the State presented one witness who testified that Haley had been previously convicted of delivery of amphetamines and aggravated robbery. Haley did not cross-examine the State's witness or put on any evidence. After the parties rested, the jury was excused while the trial court prepared the jury instructions. Shortly after the jury was excused, the trial judge realized that the enhancement paragraphs provided in the indictment, concerning Haley's two prior convictions for delivery of a controlled substance and aggravated robbery, had not been read to the jury. Before bringing the jury back into the courtroom, the trial judge asked Haley if he wanted to enter a plea to the enhancements before the jury. Haley chose not to enter a plea and requested that the trial court not inform the jury that he was given such an opportunity. The next day, the trial court reopened the punishment proceedings to allow the State to read the enhancements to

---

[1] Under Texas law, an offense is classified as a "state jail felony" if the defendant has been previously convicted of two or more thefts. TEX. PENAL CODE ANN. § 31.03(e)(4)(D).

[2] A defendant commits aggravated robbery if he "uses or exhibits a deadly weapon" during the commission of the offense. TEX. PENAL CODE ANN.§ 29.03(a)(2).

2

the jury. No mention was made of Haley's decision not to enter a plea, and the State did not reoffer its witness's testimony. Haley did not object to the reading of the enhancement or to the State's failure to reoffer the evidence. The jury found the enhancements alleged in the indictment to be true, and Haley was sentenced to a term of sixteen years and six months imprisonment.

Haley appealed his conviction, arguing, *inter alia*, that the trial court erred in failing to ask him to plead to the enhancement paragraphs of the indictment at the beginning of the punishment phase of his trial and that the trial court erred, during the punishment phase, in allowing the State to reopen its case for the purpose of reading the enhancement paragraphs to the jury. The Texas appellate court affirmed Haley's conviction. The court concluded that any error due to the trial court's failure in not requiring the State to reintroduce Haley's prior convictions, or in allowing the jury to consider his prior convictions before the reading of the enhancements, was waived by Haley's failure to object on those grounds. Further, it found that "any error by the trial court in failing to elicit a plea from Haley to the enhancements after the enhancements were read to the jury [was] waived under the invited error doctrine."[3] Thereafter, the Texas Court of Criminal Appeals refused Haley's petition for discretionary review.

In February 2000, Haley filed a state habeas application in the trial court raising several challenges to the enhancement of his punishment. The court determined that his application raised the following grounds of error: (1) the theft offense was not properly enhanced in accordance with the Texas Penal Code, (2) the evidence was insufficient to support the enhancements for the prior felony offenses of delivery of amphetamines and aggravated robbery, and (3) ineffective assistance

---

[3]The invited error doctrine precludes a defendant from "complaining on appeal of alleged errors which he invited or induced, especially where the defendant may not have been prejudiced by the error." United States v. Green, 272 F.3d 748, 754 (5th Cir. 2001).

of counsel. The state habeas trial court recommended that the application be denied concluding that (1) the theft offense was enhanced correctly, (2) the sufficiency of the evidence had been raised on direct appeal and thus could not be attacked by a writ of habeas corpus, and (3) Haley's trial counsel was not ineffective. The Texas Court of Criminal Appeals denied Haley's state habeas application based upon the findings of the trial court.

Haley timely filed a § 2254 application in the United States District Court for the Eastern District of Texas in which he alleged the following points of error: (1) there was no evidence to support the chronological order of the enhancements as stated in the indictment,[4] (2) there was no evidence presented to support the State's claim that he had previously been convicted of aggravated robbery, (3) the State made an improper jury argument, and (4) he received ineffective assistance of counsel.

With regard to the first alleged error, Haley argued that the aggravated robbery in Cause No. 7-91-1086 was committed on October 12, 1991, and the conviction for delivery of amphetamines in Cause No. 1-89-671 did not become final until October 18, 1991.[5] Thus, he contended that the

---

[4]Under the Texas habitual offender statute, "[i]f it is shown on the trial of a state jail felony . . . that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony." TEX. PENAL CODE ANN. art. 12.42(a)(2) (Vernon 1995).

[5] With regard to Haley's two prior convictions, the indictment provided in germane part:

> [P]rior to the commission of the primary offense by the said MICHAEL WAYNE HALEY. . . on the 9th day of September, 1992 . . . in Cause Number 7-91-1086, the said MICHAEL WAYNE HALEY was convicted of the felony offense of Aggravated Robbery and said conviction became final prior to the commission of the primary offense.

> [P]rior to the commission of the primary offense by the said MICHAEL WAYNE HALEY. . . on the 18th day of October, 1991 . . . in Cause Number 1-89-671, the said MICHAEL WAYNE HALEY was convicted of the felony offense of Delivery of Amphetamine and said conviction became final prior to the commission of each of the offenses set out above.

4

indictment incorrectly stated that the delivery of amphetamines conviction became final "prior to the commission of each of the offenses set out above," and the jury could not have found the enhancement paragraphs factually accurate. In its response to Haley's application, the State conceded that the chronological order of the convictions alleged in the enhancement paragraphs was erroneous.

In response to Haley's second allegation, the State argued that Haley's sentence was properly enhanced because he had a prior felony conviction, aggravated robbery, which included an affirmative finding of a deadly weapon.[6] However, Haley countered that he was sentenced for attempted robbery which did not contain a finding of a deadly weapon, indicating that this finding was removed by a *nunc pro tunc* judgment.[7] The State later conceded that Haley's attempted robbery conviction did not include an affirmative finding of a deadly weapon.

Nonetheless, the State argued that even though there was no finding of a deadly weapon in his robbery conviction, Haley was not entitled to habeas relief because his claim was procedurally barred from federal habeas review. The State emphasized that the state appellate court specifically noted that Haley failed to preserve any issue regarding the enhancement for review on appeal because he had failed to raise them in a timely objection or motion. The State noted that, on habeas review the state trial court concluded that his sufficiency claims could not be raised for the first time in a habeas application, and that the Texas Court of Criminal Appeals denied his state habeas application

_____

[6]Texas law provides that a defendant convicted of a state jail felony will be punished for a third degree felony if it is proven that the defendant had previously been finally convicted of aggravated robbery. TEX. PENAL CODE ANN. art. 12.35(c)(2)(A) (Vernon 1995).

[7] After Haley filed his habeas petition and the State filed its response, Haley filed a motion to supplement the state court record with the *nunc pro tunc* judgment. Upon a grant of Haley's motion, the Magistrate judge ordered the State to respond to Haley's contention that he was not convicted of a felony carrying an affirmative finding that a deadly weapon was used. The state received a copy of Haley's motion and the *nunc pro tunc* judgment. In its response, the State acknowledged the *nunc pro tunc* judgment and conceded that Haley was not convicted of a felony involving the use of a deadly weapon but argued that Haley is still not entitled to habeas relief because his claim is procedurally barred.

on the findings of the trial court. The State therefore reasoned that any issue relating to the enhancement that Haley may now be raising would be procedurally barred by his failure to present any contemporaneous objections.[8] Alternatively, the State argued that the doctrine of invited error barred Haley from obtaining federal relief, "given his voluntary silence and inaction during trial."

Upon order of the district court, a magistrate judge issued a report, recommending that Haley's federal habeas application be granted on his claim regarding the improper enhancement of his sentence.[9] The judge was not persuaded that Haley's claim was procedurally barred because the state appellate court's decision addressed only those claims raised by Haley on direct appeal. Because Haley had not argued that the robbery charge did not include a finding of a deadly weapon, the magistrate judge found that the state appellate court had not expressly applied the procedural bar to this argument.[10] Notwithstanding the procedural bar, the magistrate judge determined that Haley's procedural default was excused because Haley had shown that he was "actually innocent" of a predicate violation required for sentencing as a career offender for a second degree felony. The judge concluded that failure to address this claim would result in a "fundamental miscarriage of justice."

After a *de novo* review, the district court adopted the magistrate judge's report and granted

---

[8]Under the Texas contemporaneous objection rule, a petitioner is deemed to have waived any error by failing to raise an objection. Corwin v. Johnson, 150 F.3d 467, 472-73 (5th Cir. 1998). This Court has held that the contemporaneous objection rule constitutes an adequate and independent state ground procedurally barring federal habeas review. Sharp v. Johnson, 107 F.3d 282, 285-86 (5th Cir. 1997).

[9] The magistrate judge did not address Haley's ineffective assistance of counsel claim relating to the sentencing enhancement in light of her recommendation to grant relief. However, the magistrate judge denied Haley's contention that the prosecutor's remarks deprived him of a fair trial as well as Haley's remaining ineffectiveness claims.

[10] The magistrate judge's report continuously focused on the lack of a finding of a deadly weapon with respect to Haley's robbery conviction. The State did not rely on the finding of a deadly weapon to support the enhancement during sentencing, however, and Haley's § 2254 application did not raise this issue. The issue of a deadly weapon came up only in the State's response to Haley's § 2254 application when the State offered this argument as an alternative reason to support the enhancement.

Haley's § 2254 application as to the claim that his sentence was improperly enhanced denying him relief on his other claims. Accordingly, the district court ordered the Texas courts to re-sentence Haley without the improper enhancement within ninety days and that should the State fail to do so, his conviction shall be reversed. This Court subsequently granted the State's motion to stay the district court's order of re-sentencing during the appeal of this case. This appeal follows.

STANDARD OF REVIEW

When reviewing a grant of habeas corpus relief, this court reviews the district court's factual findings for clear error and its disposition of pure legal issues and mixed issues of law and fact *de novo*. Valdez v. Cockrell, 274 F.3d 941, 946 (5th Cir. 2001). "If a state-court decision rejecting a federal habeas petitioner's constitutional claim rests on an adequate and independent state procedural bar, [a federal habeas court] may not review the merits of the federal claim absent a showing of cause and prejudice for the procedural default, or a showing that failure to review the claim would result in a complete miscarriage of justice." Muhleisen v. Ieyoub, 168 F.3d 840, 843 (5th Cir. 1999).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides for deference in reviewing claims in a state prisoner's habeas corpus application that were *adjudicated on the merits* in state-court proceedings. 28 U.S.C. § 2254(d). A federal court must defer to a state court's resolution of both pure questions of law and mixed questions of law and fact unless the state court's determination was "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court. § 2254(d)(1). A § 2254 applicant may also receive habeas corpus relief regarding a claim adjudicated on the merits in state court if the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). The deferential standards set forth by

7

AEDPA, however, do not apply where the state court denied the petitioner's claim on procedural grounds. See Valdez v. Cockrell, 274 F.3d at 946-48 ("Section 2254(d)'s deference operates when the state court has adjudicated the petitioner's claim on the merits . . . . An 'adjudication on the merits' occurs when the state court resolves the case on substantive grounds, rather than procedural grounds."); see also Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999) (concluding that when a state habeas court decides a habeas applicant's claim on procedural grounds, there has not been an "adjudication on the merits"). Because the state habeas court dismissed this claim on procedural grounds, the deferential standards under § 2254(d) do not apply.

DISCUSSION

Under the procedural-default doctrine, federal courts are precluded from granting habeas relief where the last state court to consider the claims raised by the petitioner expressly and unambiguously based its denial of relief on an independent and adequate state-law procedural ground. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). When a state court explicitly relies on a procedural bar, a state prisoner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice. Coleman, 501 U.S. at 750; Wainwright v. Sykes, 433 U.S. 72, 84-85 (1977). A petitioner who fails to satisfy the cause-and-prejudice standard may nonetheless be entitled to habeas relief if he can show that the imposition of the procedural bar would constitute a miscarriage of justice–i.e., that the petitioner is *actually innocent* of the crime. Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992); Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001). "In order to be actually innocent of a non-capital sentence, the petitioner must show that 'but for the constitutional error he would not have been legally eligible for the sentence he received.'" Sones v. Hargett, 61 F.3d 410, 418 (5th Cir. 1995) (citing Smith v.

8

Collins, 977 F.2d 951, 959 (5th Cir. 1992)).

I.      Procedural Default

The State asserts that Haley's insufficiency-of-the-evidence claims are procedurally barred because he failed to raise any objection to the enhancement at trial. A state prisoner is generally required to exhaust all available state remedies before applying for federal relief. See Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997). Under Texas law, sufficiency of the evidence may be raised on direct appeal, but is not cognizable on collateral review. See Clark v. State of Tex., 788 F.2d 309, 310 (5th Cir. 1986). Thus, in order to exhaust his claims, Haley was required to raise them in a petition for discretionary review. See Richardson v. Procunier, 762 F.2d 429, 429 (5th Cir. 1985). He did not. Haley is procedurally barred from raising his insufficiency-of-the-evidence claims in state court because his time to file a petition for discretionary review has expired. See TEX. R. APP. P. 68.2.

Because Haley has failed to exhaust his insufficiency-of-the-evidence claims, federal review is barred unless he can show cause and actual prejudice from the procedural default, or that failure to review the claim would result in a complete miscarriage of justice due to his "actual innocence." See Muhleisen, 168 F.3d at 843. Haley has not alleged cause or actual prejudice. Thus, we must determine whether Haley's claim can be reviewed under the actual-innocence exception to the procedural bar. An actual innocence claim is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Dowthitt v. Johnson, 230 F.3d 733, 741 (5th Cir. 2000) (quoting Herrera v. Collins, 506 U.S. at 404). Haley has made such a claim.

II.     Actual Innocence Exception

The State argues that the district court erred in applying the actual-innocence exception to the instant case because it involves a noncapital offense. This court has twice assumed, without holding that the "actual innocence" exception is available in a noncapital sentencing context. See Sones v. Hargett, 61 F.3d 410, 413 (5th Cir. 1995); Smith v. Collins, 977 F.2d 951, 959 (5th Cir. 1992). Until this case, we have left open the issue of whether the exception applies to sentencing in noncapital cases. We now hold that the actual innocence exception applies to noncapital sentencing procedures involving a career or habitual felony offender.

The magistrate judge recognized that the extension of the actual innocence standard to noncapital cases was *dicta* in Smith and Sones. Nevertheless, the magistrate judge applied the standard and concluded that it is clear from the record that Haley was "actually innocent" of the predicate felony conviction necessary to enhance his conviction from a state jail felony to a second-degree felony. By extension, the magistrate judge concluded that because Haley is "actually innocent" of having two prior felony convictions, Haley's sentence was improperly enhanced as a habitual felony offender. The district court adopted the magistrate judge's finding and granted habeas relief as to the claim that Haley's sentence was improperly enhanced. We agree with the district court that, based on the unquestionable improper enhancement of Haley's sentence, he has shown that, but for the constitutional error, he would not have been legally eligible for the sentence he received.

The State argues that this issue has not been addressed by the Supreme Court. Although the Court has not expressly extended the actual innocence exception to noncapital offenses, it considered whether a petitioner was actually innocent of the aggravating factors necessary for a capital sentence. See Sawyer v. Whitley, 505 U.S 333, 345 (1992). The Court did not foreclose the application of the actual innocence exception to noncapital sentencing cases. More importantly, the Court has noted

that the purpose of the rule "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." Herrera v. Collins, 506 U.S. 390, 404 (1993) (citation omitted). With this fundamental purpose in mind, we agree with the Fourth Circuit which has held that the actual innocence exception applies to non capital cases only in the context of a habitual offender finding during the punishment phase of the trial.

The State further notes that other Circuit Courts are split on the issue of whether, in the sentencing context, the actual innocence exception applies to capital cases only or also to noncapital cases. Compare Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 171 (2nd Cir. 2000) (holding that the actual innocence exception applies to noncapital sentencing when a predicate act for enhancement is at issue) with Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997)(en banc) (holding that the actual innocence exception applies "to the sentencing phase of death cases") cert. denied, 525 U.S. 828 (1998).

The Eighth, Seventh, and Tenth Circuits have held that in the sentencing context, the actual innocence exception applies only to sentencing in capital cases. See Embrey, 131 F.3d at 740; Hope v. United States, 108 F.3d 119, 120 (7th Cir. 1997) (determining that the actual innocence exception to noncapital sentencing proceedings did not survive the enactment of the AEDPA); Reid v. Oklahoma, 101 F.3d 628, 630 (10th Cir. 1996) (holding that the actual-innocence exception does not apply in cases involving challenges to noncapital sentences). In contrast, the Fourth and Second Circuits have applied the actual innocence exception to sentencing in noncapital cases. See Spence, 219 F.3d at 171, United States v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999) (limiting Maybeck to the "context of eligibility for application of a career offender or other habitual offender

guideline provision.") <u>cert</u>. <u>denied</u>, 529 U.S. 1010 (2000); <u>United States v. Maybeck</u>, 23 F.3d 888, 893-94 (4th Cir. 1994) (holding that actual innocence of a noncapital sentence applies to eligibility for sentencing as a career or habitual offender).[11]

The Second Circuit extended the actual innocence exception to noncapital sentencing proceedings. <u>See</u> <u>Spence</u>, 219 F.3d at 171. The court reasoned that the "[Supreme] Court has made clear that the availability of [the] actual innocence exception depends not on the 'nature of the penalty,' the state imposes, but on whether the constitutional error 'undermined the accuracy of the guilt or sentencing determination.'" <u>Id</u>. (quoting <u>Smith v. Murray</u>, 477 U.S. 527, 537-38 (1986)). Thus, finding no reason to limit the exception to capital cases, the <u>Spence</u> court broadly applied the actual innocence exception to the sentencing phase of noncapital cases "[b]ecause the harshness of the sentence does not affect the habeas analysis and the ultimate issue, the justice of the incarceration, is the same." <u>Id</u>.

The Fourth Circuit initially extended the actual innocence standard to noncapital cases reasoning that application of the actual innocence exception to the aggravating factors of a capital sentencing case is functionally equivalent to applying the exception to aggravating factors enhancing a noncapital sentence under the guidelines. <u>See Maybeck</u>, 23 F.3d at 893. Thus, applying the actual innocence exception in either case meets the "objective of protecting defendants from sentencing based on elements of crimes for which they are conclusively innocent." <u>Id</u>. at 894. However, the Fourth Circuit narrowed the exception to noncapital cases "only in the context of eligibility for application of a career offender or other habitual offender guideline provision." <u>Miklajunas</u>, 186 F.3d

_____

[11]The Third Circuit, like this Circuit has "assumed *arguendo*" that the actual innocence exception applies to noncapital sentencing. <u>See</u> <u>Cristin v. Brennan</u>, 281 F.3d 404, 422 (3rd Cir. 2002) (noting that some courts have applied the actual innocence exception to noncapital sentencing cases in the context of factual findings of prior convictions on which the noncapital sentence is based).

12

at 495. The court reasoned that to broaden the exception further would "swallow" the "cause portion of the cause and prejudice requirement" and it "would conflict squarely with Supreme Court authority indicating that generally more than prejudice must exist to excuse a procedural default." Id. at 494-95. We find the approach of the Fourth Circuit persuasive.

The State argues on appeal, that Sones is not binding on this Court because it expressly declined to hold that the actual-innocence exception applied to noncapital sentencing. Although in Smith and Sones, we have assumed that the actual innocence standard extends to non-capital sentencing, in both of those cases, we ultimately concluded that the petitioner in question was not "actually innocent." See Smith, 977 F.2d at 959; Sones, 61 F.3d at 419-21. In this case, we conclude that although Haley is procedurally barred from raising his insufficiency-of-the-evidence claim, the actual innocence exception to the procedural bar applies. Having concluded that the actual innocence exception applies to this case, we must now consider the merits of Haley's insufficiency-of-the-evidence claims. This Court has held that the granting of habeas relief is appropriate where the State has failed to produce sufficient evidence of the petitioner's habitual offender status. See French v. Estelle, 692 F.2d 1021, 1024-25 (5th Cir. 1982).

III.    Insufficiency Of The Evidence

The State argues that Haley is inappropriately raising an insufficiency-of-the-evidence claim in a state writ of habeas corpus petition. Haley counters that he is not raising an insufficiency-of-the-evidence claim. Instead he asserts that there is *no* evidence that he was convicted of a felony involving the use of a deadly weapon, to support the enhancement. The State's argument that these claims are insufficiency-of-the-evidence claims is supported by federal and state law. In Jackson v. Virginia, the Supreme Court found that the standard for habeas review of the sufficiency of the evidence to support

a state conviction is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime beyond a reasonable doubt. 443 U.S. 307, 317-18 (1979). This Court has applied the <u>Jackson</u> standard to habeas claims where the defendant asserted that there was *no evidence* to support the enhancement convictions. <u>See</u> <u>French v. Estelle</u>, 692 F.2d at 1024-25. (applying the <u>Jackson</u> standard of review to a federal habeas claim that the Government produced *no evidence* showing the date upon which a second offense occurred for purposes of enhancement); <u>see also</u> <u>Ex Parte Williams</u>, 703 S.W.2d 674, 679-81 (Tex. Crim. App. 1986) (holding that a claim that the State presented no evidence of when a second prior felony was committed did not constitute a *no evidence* claim, but rather a collateral attack on the sufficiency of the evidence).

In <u>United States v. Maybeck</u>, the Fourth Circuit applied the actual innocence exception to a procedural default where the defendant's non-capital sentence was improperly enhanced on the basis of his miscalculated career offender status. 23 F.3d at 893-94. Maybeck pled guilty to bank robbery and the unlawful possession of a firearm. During the punishment phase of his trial, the defendant mischaracterized a prior conviction as involving violence. <u>Id</u>. That conviction along with a second prior conviction constituted the two predicate felonies necessary to qualify Maybeck as a career offender, a status used to enhance his sentence. <u>Id</u>. at 890-91. The Fourth Circuit determined that Maybeck was actually innocent of the predicate offense that qualified him as a career offender, and therefore, it was a miscarriage of justice to enhance his sentence under the career offender provision of the guidelines. <u>Id</u>. at 894

Haley's circumstance is fundamentally equivalent to the circumstances addressed in <u>Maybeck</u>. During the punishment phase of his trial, Haley's prior conviction for aggravated robbery was

14

mischaracterized as one involving a deadly weapon. That mischaracterization and his second predicate felony, delivery of methamphetamine, qualified Haley as a habitual felony offender under the Texas sentencing guidelines. In fact, the State has conceded that Haley was not convicted of aggravated robbery involving a deadly weapon. We conclude that a rational trier of fact could not have found beyond a reasonable doubt that Haley has been convicted of two felonies, an essential element of the habitual felony offender provision of the Texas sentencing guidelines because Haley is actually innocent of being convicted for aggravated robbery.

In the present case, this finding of "actual innocence" only entitles Haley to a correction of the improper enhancement of his sentence for his state jail felony conviction. In order to be sentenced as a habitual felony offender, the Texas Penal Code requires that Haley must have been previously convicted of *two felonies* and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final. The State conceded, and the district court found, that the chronological order of the convictions alleged in the enhancement paragraphs was erroneous and, more significantly for the purposes of this appeal, that Haley was not convicted of aggravated robbery involving a deadly weapon. Haley was not convicted of two felonies. Thus, the requirements of the Texas habitual felony offender statute have not been satisfied resulting in Haley's actual innocence of his status as an habitual felony offender, and consequently, the improper enhancement of his sentencing for his state jail felony.

If we were to condemn Haley to suffer the consequences of an affirmative finding which, by virtue of the *nunc pro tunc* judgment, never existed, he would continue serving a sentence as an habitual offender of which he is in fact innocent. This is a classic example of a "fundamental miscarriage of justice," precisely what the actual innocence exception was created to prevent. We

15

therefore affirm the district court's grant of habeas relief and vacate the stay of the district court's order entered by this court.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's ruling, VACATE the stay entered by this Court, and REMAND to the United States District Court for the Eastern District of Texas for further proceedings in accordance with this opinion.

AFFIRMED.