In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 01-41389

_____

MICHAEL WAYNE HALEY,

Petitioner-Appellee,

VERSUS

JANIE COCKRELL,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas

_____

March 19, 2003

ON PETITION FOR
REHEARING EN BANC

(Opinion September 27, 2002,
306 F.3d 257)

Before DEMOSS, STEWART, and DENNIS,
Circuit Judges.

PER CURIAM:

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. The court having been polled at the request of one of the members of the court, and a majority of the judges who are in regular active service not having voted in favor (FED. R. APP. P. 35 and 5TH CIR. R. 35), the petition for rehearing en banc is DENIED.

JERRY E. SMITH, Circuit Judge, with whom JOLLY, JONES, BARKSDALE, EMILIO M. GARZA, and CLEMENT, Circuit Judges, join, dissenting from the denial of rehearing en banc:

This exceptionally important case deserves the attention of the en banc court. For the first time, we extend the "actual innocence" exception for procedurally defaulted habeas corpus claims to non-capital sentences. The federal courts of appeals are split three ways on this question, and the panel opinion aligns this court with one of the two positions adopted by only one other circuit. Before this decision is set in stone as binding circuit precedent, the issue should receive review and thorough consideration by the entire court.

## I.

In general, a habeas petitioner may not raise a procedurally defaulted claim, i.e., a claim not presented to the state court, unless he demonstrates cause for the default and prejudice from the alleged constitutional violation. *Wainwright v. Sykes*, 433 U.S. 72 (1977). A petitioner may, however, obtain a hearing on a procedurally defaulted claim if he demonstrates his actual innocence of the underlying offense, even if he cannot satisfy the general cause-and-prejudice test. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). "Actual innocence" in that context means the petitioner did not commit the crime.

The Supreme Court has extended the actual innocence exception for the cause-and-prejudice test to the context of capital sentencing, meaning a petitioner who has committed the crime may, nonetheless, be "actually innocent" of the penalty of death. *Sawyer v. Whitley*, 505 U.S. 333 (1992). Neither the Supreme Court nor this court, however, has extended the exception to non-capital sentences.[1]

This case presents a perfect opportunity for the full court to consider whether to extend the exception to non-capital sentences where the petitioner is not actually innocent of the crime. This purely legal question is unsullied by factual disputes: Texas concedes that Haley was not eligible under Texas law for the sentence he received, because the indictment wrongly alleged that Haley's prior drug conviction was final before he committed his prior robbery, a chronological order necessary to Haley's sentence enhancement.[2]

It bears repeating that Texas concedes this error and argues only that the actual innocence exception should not extend to non-capital sentences. Thus, this case squarely presents a legal question of exceptional importance in an unusually pristine form.

## II.
## A.

In various procedural settings, three circuits have held that the actual innocence exception

---

[1] We have assumed twice, without deciding, that the exception extends to non-capital sentences. *See Sones v. Hargett*, 61 F.3d 410, 413 (5th Cir. 1995); *Smith v. Collins*, 977 F.2d 951, 959 (5th Cir. 1992).

[2] The panel suggests a second error in the indictment, namely, an erroneous allegation that Haley's prior robbery offense involved a deadly weapon. *Haley v. Cockrell*, 306 F.3d 257, 261 & n. 7, 262, 263 & n.10, 264, 267 (5th Cir. 2002). In his response to the petition for rehearing en banc, Haley concedes that any such error is irrelevant, because his enhancement rested solely on the chronological order of his convictions.

does not extend to any non-capital sentences.[3] In a 28 U.S.C. § 2255 case, the Eighth Circuit held that the actual innocence exception does not apply to non-capital sentences. *Embrey v. Hershberger*, 131 F.3d 739 (8th Cir. 1997) (en banc). The court carefully reviewed Supreme Court precedent, in particular *Sawyer*, and concluded that "*Sawyer*, in terms, applies only to the sentencing phase of death cases." *Embrey*, 131 F.3d at 740.

The Eighth Circuit also relied on the Tenth Circuit's decision in *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993), which refused to extend the exception. In *Richards*, the court upheld the government's objection to a second § 2255 motion, based on the abuse of writ doctrine. *Id.* at 1370. The petitioner had argued that he should be allowed to file a second motion based on a showing of actual innocence of his non-capital sentence. *Id.* at 1371. The Tenth Circuit rejected this argument out of hand: "A person cannot be actually innocent of a noncapital sentence[.]" *Id.* The Tenth Circuit has reaffirmed this holding, in a 28 U.S.C. § 2254 case, after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996).

Similarly, if more dramatically, the Seventh Circuit has held that the exception does not survive AEDPA. *Hope v. United States*, 108 F.3d 119 (7th Cir. 1997). The prisoner sought permission to file a second § 2255 motion based solely on an improper sentencing enhancement. *Id.* at 120. The court reasoned that AEDPA allows second petitions only if no reasonable factfinder would have convicted the prisoner of the "offense." *Id.* Thus, the Seventh Circuit, concluding that AEDPA eliminated the exception, overruled its caselaw extending the exception to non-capital sentences. *Id.* (citing *Mills v. Jordan*, 979 F.2d 1273, 1278 (7th Cir. 1992)).

On the second side of the three-way split, the Second Circuit alone has held that the actual innocence exception extends to all non-capital sentences. *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162 (2d Cir. 2000). In *Spence*, the prisoner's probation was rescinded and replaced with a sentence of up to twenty-five years' imprisonment for which he was not legally eligible. *Id.* at 165. The Second Circuit, however, did not equivocate or rest on the severity of the wrongly-imposed sentence. The court held that the actual innocence exception applies across the board "to the sentencing phase of a noncapital trial." *Id.* at 171.

Alone on the third side of the splitSSalone, that is, until joined by the panel in the instant caseSSthe Fourth Circuit has held that the actual innocence exception extends only to those non-capital sentences imposed under habitual offender statutes. Like the Second Circuit, the Fourth Circuit originally had held that the actual innocence exception extends to all non-capital sentences. *United States v. Maybeck*, 23 F.3d 888, 893 (4th Cir. 1994).

Five years later, the Fourth Circuit, perhaps recognizing that this holding was untenable, limited the scope of *Maybeck*. *United States v. Mikalajunas*, 186 F.3d 490 (4th Cir. 1999).

---

[3] *See Haley*, 306 F.3d at 265 (collecting cases). Neither the cause-and-prejudice test nor the actual innocence exception to that test varies based on the posture of the case. Indeed, *Sawyer*, which first applied the actual innocence exception to capital sentences, was a successive-writ case, not an ordinary procedural-default case.

Citing the frightening practical results of *Maybeck* and its tension with Supreme Court caselaw, the court held that the actual innocence exception "applies in noncapital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision." *Id.* at 495. This holding provoked a vigorous dissent arguing that the distinction was unprincipled and unsustainable. *Id.* at 497-502 (Murnaghan, J., dissenting). This court's panel has chosen to adopt the reasoning used in *Mikalajunas*.

## B.

Unfortunately, the Supreme Court has not addressed this question. Indeed, the limited implications of its caselaw can be read to point in opposite directions. Given the exceptional importance of the question and the lack of guidance from above, the full court should have reheard this case.

The panel finds support in *Sawyer* and *Herrera v. Collins*, 506 U.S. 390 (1993). The panel observes that "[t]he Court did not foreclose [in *Sawyer*] the application of the actual innocence exception to noncapital sentencing cases." *Haley*, 306 F.3d at 265. This is correct, but *Sawyer* did not present the question. Moreover, some language in *Sawyer* indicates that the Court did not intend the lower courts to extend the actual innocence exception to non-capital sentencing cases.

The Court "acknowledged that actual innocence 'does not translate easily into the context of an alleged error at the sentencing phase of a trial on a capital offense.'" *Sawyer*, 505 U.S. at 340 (quoting *Smith v. Murray*, 477 U.S. 527, 537 (1986)). The Court then observed that "[a] prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Id.* This example indicates why, "[i]n the context of a *noncapital* case, the concept of 'actual innocence' *is easy to grasp*." *Id.* at 341 (emphases added). Finally, the Court described its task in *Sawyer* as "striv[ing] to construct an analog to the *simpler situation* represented by the case of a noncapital defendant." *Id.* (emphasis added).

The Tenth and Eighth Circuits inferred from this reasoning that the Supreme Court never intended the lower courts to extend the actual innocence exception to non-capital sentencing cases. Otherwise, why is the concept of actual innocence so "easy to grasp" in the non-capital context? And why is a non-capital case a "simpler situation"? In the Tenth Circuit's view, it is "because it simply means the person didn't commit the crime." *Richards*, 5 F.3d at 1371. The Eighth Circuit concluded that "the most natural inference to draw from these observations on the Court's part is that" the actual innocence exception should not extend to non-capital sentencing. *Embrey*, 131 F.3d at 741.

At the same time, other language in *Sawyer* suggests the Court's openness to applying the actual innocence exception to non-capital sentences. For example, the Court stated that "[i]n *Smith*, [it] found no miscarriage of justice in the failure to examine the merits of procedurally defaulted claims *in the capital sentencing context*." *Sawyer*, 505 U.S. at 339 (emphasis added) (citation omitted). The Court also stated that "[t]he present case requires us to further amplify the meaning of 'actual innocence' *in the setting of capital punishment*." *Id.* at 340 (emphasis added).

The meanings of these passages are debatable. One might argue, though, that the

Court would not have added the qualifying phrases "in the capital sentencing context" or "in the setting of capital punishment" if it intended to extend the exception only to capital sentences.

But "[m]ore importantly," according to the panel, "the Court has noted that the purpose of the [actual innocence] rule 'is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.'" *Haley*, 306 F.3d at 265 (quoting *Herrera*, 506 U.S. at 404). *Herrera*, however, is not especially helpful to the question before this court.

In *Herrera*, the petitioner claimed to be innocent of the murder of which he was convicted. Haley, on the other hand, is not innocent, nor does he claim to be; he is a recidivist offender duly convicted after a full and fair trial and whose conviction the state courts repeatedly upheld on appeal and collateral review. Further, the Supreme Court denied relief in *Herrera*. Even if we were to conclude that the actual innocence exception extends to non-capital sentences, therefore, *Herrera* would not support the extension.

In light of the limited guidance from the Supreme Court, and ambiguity in what guidance there is, the en banc court should have reheard this case to determine whether and, if so, how the actual innocence exception applies to non-capital sentences. Accordingly, I respectfully dissent from the denial of rehearing en banc.