48,077-15

DATE: 10/26/15

LEON HARRISON #815719
POLUNSKY UNIT
3872 FM 350 So.
LIVINGSTON, TX 77351

Case #: WR-48,077-15
RECEIVED IN
COURT OF CRIMINAL APPEALS
NOV 02 2015
Abel Acosta, Clerk

MR.ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS
P.O. BOX 12308,CAPITOL STATION
AUSTIN, TX 78711

RE: EX PARTE LEON HARRISON, CAUSE #751713-F, SIGN AND DATED BY THE JUDGE
OF 184TH ON 19TH DAY OF AUGUST IN ADOPTING THE STATE'S CONCLUSIONS.

Dear Mr.Acosta:

On the above date, the trial court denied my 11.07 and the clerk was ordered to forward it to this court. A transcript was order prepared and the following document was to be included:

1. THE APPLICATION FOR WRIT OF HABEAS CORPUS;
2. THE STATE'S ANSWER (INCLUDING ALL ATTACHED EXHIBITS);
3. THE COURT'S ORDER;
4. THE INDICTMENT, JUDGMENT AND SENTENCE, AND DOCKET SHEET IN CAUSE NUMBER 751713; AND
5. THE APPELLATE OPINION IN CAUSE NUMBER 751713.

Sir, the State [DID NOT] include my **EXHIBITS FILED WITH MY WRIT** or my **OBECTIONS AND ITS EXHIBITS** (see enclosed), along with the court's order adopting the State's findings. My exhibits filed with my writ is the jury's notes to the trial judge doing my sentencing phase. The exhibit with my objections is not included with the one enclosed now, because I did not have another copy. The only other one was filed with my objections to the court.

Please have the Harris County Clerk forward you the exhibits and my objections's exhibit if the clerk have not did so.

Thank you for your time in this matter.

Sincerely,

Leon Harrison

| EX PARTE | § | IN THE 184TH DISTRICT |
| LEON HARRISON, | § | COURT OF |
| Applicant. | § | HARRIS COUNTY, TEXAS |

## APPLICANT'S OBJECTIONS TO THE STATE'S ANSWER
## AND STATE'S PROPOSED FINDINGS OF FACT,
## CONCLUSIONS OF LAW AND ORDER

Applicant filed this original objections to the State's Answer and its Proposed Findings of Fact with Conclusions of Law and Order in the above-captioned cause for writ of habeas corpus pursuant to **TEX. CRIM.PROC. CODE ANN.art.11.07.§3 (West 2013)** and would show the following:

I.

## APPLICANT'S FIRST AND SECOND GROUNDS FOR RELIEF

GROUND 1: Doing the sentencing phase of the jury deliberation, the jury made (4) notes to the judge in relation to Harrison's enhancement cause #635921, which now have DNA testing that excluded Harrison from the sexual assault on 7/9/12. The jury may have considered sentencing him to the lowest sentening of 25-years and not 36-years had they seen the new evidence of DNA test..

The State have claimed that Applicant is not challenging his conviction or sentence in the primary case. This is not Applicant's claim as stated above. Applicant's claim is on his sentencing phase of the trial [ONLY]. That had the jury seen the DNA test that excluded Applicant, then they may have given him the lowest sentence that is 25-years.

It seems that the State is trying to take the Court off the issue at hand. The State Attorney Mr.Chin knows that Applicant's cause #635921 case is still pending in the 230th District Court for an out of time appeal on the former judge [now D.A.] Belinda J. Hill unfavorable findings under case: **WHITFIELD V. STATE,**430 S.W.3d 405 (JULY___,2014 C.C.A.), which Whitfield asked the Court to give jurisdiction back to the Court of Appeals to hear cases under Art.64,TEX.CODE CRIM.PROC., to address the cases on the factual sufficiency of the evidence. See Exhibit #1.

1.

GROUND 2: Enhancememnt #635921 out of Court 230th is not qualified to be used as a enhancement in cause #751713, because the results of DNA test excluded Harrison as the Defendant in the profile..

During the punishment phase of cause #751713 out-side of the record, Applicant's attorney had his plea true to the enhancements paragraphs in 1998. Which at the time DNA was not written into Texas Law. See Texas Legislature, 2001/1/9.. Now embodied as Chapter 64 of the Tex.Code Crim. Proc..

The State claims that Applicant failed to prove that his conviction in cause #635921 was unavailable to enhance his punishment in the primary case.

Applicant have never said the cause #635921 was unavailable for use as a enhancement in ground one or two. If this Court would refer to page 8 of Applicant's writ, this Court will see the word: [INCONSISTENT or VOID] conviction for enhancement purposes----.. Applicant's word is for this Court to make findings of facts of [whether] cause #635921 could have been used as an enhancement doing Applicant's trial and if so, what should have been addressed to the jury about the DNA test results had they been available doing the punishment phase of Applicant's trial. And would the jury had given him a lower sentence. See Ex Parte Rich,194 S.W.2d 508 (Tex.Crim.App. 2006). And Haley v. Cockrell, 306 F.3d 257...

As such, the State fails to prove that Applicant's grounds are not on the sentencing phase of his trial and states no case law that shows why this Court can not grant relief on Applicant's sentencing issues.

## II.

Service has been accomplished by sending a copy of Applicant's Objections To the State's Answer and State's Proposed Findings of Fact, Conclusions of Law and Order to:

BALDWIN CHIN
ASSISTANT DISTRICT ATTORNEY
1201 FRANKLIN, Ste.600
HOUSTON, TX 77002

SIGNED ON THIS 18TH DAY OF AUGUST,2015.

Respectfully submitted,

LEON HARRISON #815719
POLUNSKY UNIT
3872 FM 350 So.
LIVINGSTON,TX 77351