# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3281/99-3440

_____

| | | |
|---|---|---|
| Kenneth Kenley, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Michael Bowersox, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  September 14, 2001

Filed:  January 3, 2002

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

The long history of this case is detailed in our opinion in <u>Kenley v. Bowersox</u>, 228 F.3d 934, 936-37 (8th Cir. 2000) (<u>Kenley II</u>), which disposed of the bulk of this particular appeal.  Briefly, Kenneth Kenley was convicted of capital murder (among other crimes) as a result of a crime spree through northern Arkansas and southern Missouri in January 1984.  He was sentenced to death.  Kenley did not prevail in his direct appeal or in his state post-conviction efforts.  Likewise, his first petition in the district court seeking relief under 28 U.S.C. § 2254 was denied.  This Court affirmed that denial as to the conviction but granted relief on Kenley's Sixth Amendment claim of ineffective assistance of counsel in the penalty phase.  <u>See</u> <u>Kenley v. Armontrout</u>,

937 F.2d 1298 (8th Cir.) (Kenley I), cert. denied, 502 U.S. 964 (1991). Kenley was resentenced, again drawing the death penalty. His direct appeal and his post-conviction proceedings in the state courts were unavailing. But the District Court granted relief on Kenley's second § 2254 petition on his claim that he was denied due process in the state post-conviction proceedings (actually "post-resentencing" proceedings), conducted under Missouri Supreme Court Rule 29.15. Nine other claims for habeas relief were denied, and the District Court granted a certificate of appealability (COA) on eight of Kenley's claims. Two claims alleging ineffective assistance of counsel at resentencing were dismissed without prejudice. The State appealed the District Court's decision to grant the writ, and Kenley cross-appealed four of the denied claims that were within the COA.[1] We reversed the decision to grant § 2254 relief, affirmed the denial of the four cross-appealed claims, vacated the dismissal of the two claims of ineffective assistance, remanded for consideration of those claims on the merits, and retained jurisdiction over the case pending the District Court's decision.

On remand, the District Court rejected Kenley's contention that he was entitled to relief because he was denied the effective assistance of counsel at resentencing. As we instructed, the court (having previously included the Sixth Amendment claims in the COA, notwithstanding that they already had been dismissed) certified its decision to this Court. We requested supplemental briefing addressing only the ineffective assistance claims. In addition, we heard oral argument on the issues. After careful consideration, we affirm the District Court's denial of these claims.

Under § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, our review of a state

---

[1]Of the four remaining claims included in the COA but not appealed by Kenley, two were the dismissed claims, one was the claim on which Kenley prevailed in the District Court, and one was a claim relating to Kenley's challenge to Missouri's reasonable-doubt instruction.

court's decision on a petitioner's federal constitutional claim is more deferential than it was before 1996. The state court's decision, however, will be entitled to this deference only if the "claim . . . was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d) (Supp. IV 1998). Kenley argues there has been no adjudication on the merits in his case and the state courts' decisions on the claims therefore should be reviewed de novo by the federal courts. The District Court, "in an exercise of prudence," conducted such a de novo review. Memorandum & Order (Nov. 2, 2000) at 6.

We think it is clear that Kenley's claims were adjudicated on the merits in the state courts. They were not disposed of on procedural grounds, as defaulted or otherwise barred. The Rule 29.15 court held a hearing; witnesses were called and evidence was taken. We are familiar with Kenley's position, shared by the District Court, that the Rule 29.15 court's judgment was illegitimate because of the procedure used by that court in adopting the State's proposed findings and conclusions as its own. See Kenley II, 228 F.3d at 936-37. But the decision is no less an adjudication on the merits simply because Kenley is unhappy with the way in which the state court announced its judgment. In any event, the Missouri Supreme Court reviewed the transcript of the hearing and made its own findings and conclusions—yet another state court adjudication on the merits. See State v. Kenley, 952 S.W.2d 250 (Mo. 1997) (en banc), cert. denied, 522. U.S. 1095 (1998). Indeed, in the District Court's first go at Kenley's most recent § 2254 petition, the court applied the deferential standards of review enunciated in post-AEDPA § 2254(d) to the claims it denied—claims that were adjudicated in the same state court proceedings and in the same manner as the two claims now before us.

To put it plainly, we hold that Kenley's ineffective assistance of counsel claims were adjudicated on the merits in the state courts and so the deferential standard of review of § 2254(d) applies to the state courts' decisions. That is, § 2254 relief will be granted only if the adjudication by the state courts "resulted in a decision that was

-3-

contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts," which factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(d), (e)(1) (Supp. IV 1998). We note, however, that we would reach the same result as did the District Court on its de novo review if we were to apply the de novo standard ourselves.

As we have said, Kenley claims in his two remaining § 2254 counts that he was denied the effective assistance of counsel at his resentencing. According to Kenley, counsel failed to investigate or present evidence of Kenley's alleged mental deficiencies and further failed to investigate or present evidence of Kenley's purported intoxication on the night of the crime and how such intoxication and his mental deficiencies affected his behavior at the time of the murder.

When this Court addressed Kenley's first § 2254 petition over ten years ago, we concluded that Kenley's trial counsel was constitutionally ineffective "during the penalty phase of his capital trial due to counsel's failure to present available family and expert mitigating evidence of his medical, psychological and psychiatric history." Kenley I, 937 F.2d at 1303. We remanded for resentencing. With our explication of original trial counsel's ineffectiveness on these matters presumably in the minds of Kenley's new counsel, the state court held a second sentencing hearing. In fact, the court received as evidence for the defense the testimony of two witnesses who were specifically referenced by the Court in Kenley I, a social worker who first worked with Kenley as a pre-adolescent and a psychiatrist who treated him as a teenager. Kenley's mother also was called to testify.

In order to be granted relief under § 2254, a petitioner claiming constitutionally ineffective assistance of counsel must first show that counsel was ineffective, that is, that counsel's performance was objectively unreasonable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Our review of counsel's efforts is "highly deferential," and

"counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 689, 690. If counsel's representation was, in the judgment of the reviewing court, professionally unreasonable, then we proceed to consider whether the petitioner was prejudiced as the result of counsel's deficiencies. Id. at 687. "When a defendant challenges a death sentence . . . , the question is whether there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." Id. at 695.

It is Kenley's argument that counsel should have presented evidence that he had suffered organic brain damage at some time in his life and that he had a borderline personality disorder. According to the two psychologists and the psychiatrist who testified for Kenley at his Rule 29.15 hearing,[2] Kenley had organic brain damage, or at least there was enough evidence hinting at such damage that further investigation should have been undertaken.[3] The experts testified generally that Kenley's mild brain damage, combined with alcohol intoxication, could have resulted in a lack of impulse control on the night of the murder. They also testified to Kenley's substance abuse, depression, and personality disorders. In their conclusion that Kenley had a borderline personality disorder, Kenley's experts disagreed with the psychiatrist who evaluated Kenley before his first trial. That doctor testified for the State at the resentencing and concluded that Kenley had an anti-social personality disorder but could distinguish right from wrong and conform his behavior accordingly; that the

---

[2]We do not mean to suggest that the three experts concurred on every point that we note in this opinion.

[3]None of the experts could say for certain the precise cause of the purported brain damage. Suspected causes included the attempted delivery of Kenley at birth by forceps, a car accident in which Kenley claims he lost consciousness for a few minutes (there are no medical or police records of the accident), and substance abuse.

tests that might indicate brain damage were inconclusive; and that Kenley acted with premeditation and deliberation on the night of his murderous rampage. As for the suggestion that Kenley was intoxicated the night of the murder, the scant evidence presented to the Rule 29.15 court was contradicted—even by Kenley himself.

The Rule 29.15 court and the Missouri Supreme Court concluded that counsel's failure to have Kenley further examined before resentencing was the result of a reasonable strategy, considering that the outcome of such an evaluation was a real wild card for Kenley: additional testing might have confirmed the conclusions of the State's expert or might even have provided other more damaging evidence. Kenley's counsel, having represented seventeen capital defendants prior to Kenley's resentencing, testified at the Rule 29.15 hearing that she and her co-counsel considered and rejected a reevaluation of Kenley, so it is not as if the possibility never occurred to them. See Kenley I, 937 F.2d at 1304 ("The Supreme Court requires that counsel make a reasonable investigation in the preparation of a case or make a reasonable decision not to conduct a particular investigation."). Of course counsel could have sought more testing of Kenley in hopes of eliciting expert opinions that jurors might have regarded as mitigating evidence. But that is not the measure of objective reasonableness. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, 466 U.S. at 690-91. The state courts held that counsel's performance in this regard was reasonable in the circumstances, evidently concluding that "reasonable professional judgments" were the foundation of counsel's decision not to seek further evaluation of Kenley's mental condition. Concerning the evidence of Kenley's purported intoxication on the night of the murder, Rule 29.15 counsel adduced precious little evidence during the hearing (apart from pure speculation) that had not previously been presented to the jurors during resentencing.

As to the question of prejudice, the state courts found that Kenley's three experts offered testimony that was often speculative; largely based on Kenley's self-reporting or on his mother's accounts of events long past; sometimes conflicting; and cumulative on some of the more salient points (father's abuse, mother's abandonment, substance abuse). The reviewing state courts concluded that the allegedly mitigating evidence Kenley offered at the Rule 29.15 hearing would not have persuaded a jury to opt for the lesser punishment for a crime that reflected such depravity as did Kenley's, where the evidence of aggravating circumstances was so overwhelming. Because there was no reasonable probability, the courts said, that the jury would have sentenced Kenley to life in prison instead of death, Kenley was not prejudiced, even if counsel had been professionally unreasonable.

The District Court in its de novo review reached the same conclusions. For our part, we have reviewed the relevant parts of the resentencing transcript as well as the testimony presented to the Rule 29.15 court. Mindful of the limited scope of our review under § 2254, our conclusions are succinct. We cannot say that the decisions of the Missouri courts regarding counsel's performance and any resulting prejudice to Kenley were the result of an unreasonable application of the standards set forth in Strickland, nor were the decisions contrary to Strickland or other clearly established federal law on "materially indistinguishable" facts. Williams v. Taylor, 529 U.S. 362, 405 (2000) (concurring opinion of O'Connor, J., for the Court). Further, Kenley has not come forward with clear and convincing evidence to rebut the presumption that the state courts' factual findings are correct, and he cannot show that the decision is based on an unreasonable determination of the facts.

Accordingly, the District Court's denial of relief on Kenley's claims of ineffective assistance is affirmed, and the case is remanded with directions that judgment be entered for Warden Bowersox and that Kenley's § 2254 petition be dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.