# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2735

_____

Michael Anthony Taylor,

        Appellant,

v.

Michael S. Bowersox,

        Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\*
\*

_____

Submitted: November 4, 2002

Filed: May 7, 2003

_____

Before HANSEN,[1] Chief Judge, BEAM and RILEY, Circuit Judges.

_____

BEAM, Circuit Judge.

Michael Anthony Taylor ("Taylor") appeals the district court's[2] denial of his petition for writ of habeas corpus. We affirm the result reached by the district court.

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

[2]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

## I. BACKGROUND

Taylor and Roderick Nunley kidnapped, raped, and killed fifteen-year-old Ann Harrison on March 22, 1989. The details of this horrific crime are discussed in State v. Taylor, 929 S.W.2d 209 (Mo. 1996). As a result of these actions, Taylor pled guilty to first-degree murder, armed criminal action, kidnapping and rape on February 8, 1991, in front of Judge Alvin Randall. There was no plea bargain or agreement by the prosecutor not to recommend the death penalty. Following a sentencing hearing, Judge Randall sentenced Taylor to death for murder, life imprisonment for rape, fifteen years for kidnapping and ten years for armed criminal action.

Taylor brought his first post-conviction relief action ("PCR") under Missouri Supreme Court Rule 24.035, challenging his guilty plea and sentence, alleging, in relevant part, that Judge Randall had been drinking prior to the sentencing proceeding and that his plea was involuntary because his plea counsel had been ineffective. All of the judges in the Sixteenth Judicial Circuit were recused and the Missouri Supreme Court appointed Special Judge Robert Dierker, Jr. Judge Dierker held an evidentiary hearing and denied Taylor's PCR motion, including, specifically, Taylor's ineffective assistance of plea counsel claims. Taylor appealed to the Missouri Supreme Court,[3] which vacated the judgment and remanded the case for a new penalty hearing without

---

[3]Missouri's appellate procedure allows for the direct appeal from a conviction to be stayed pending the resolution of a post-conviction motion. Then, the direct and post-conviction appeals are heard together. Missouri Supreme Court Rules 24.035 (guilty pleas) and 29.15 (trials); John M. Morris, *Postconviction Practice Under the "New 27.26,"* 43 J. Mo. B. 435, 438-39 (Oct./Nov. 1987). One attorney represents the defendant in the consolidated appeal. As of January 1, 1996, Missouri "no longer follows the consolidated post-conviction/direct appeal procedure," State v. Griddine, 75 S.W.3d 741, 743 n.2 (Mo. Ct. App. 2002), but Taylor's sentences were pronounced by Judge Randall in 1991 and by Judge H. Michael Coburn in 1994, thus the consolidated post-conviction/direct appeal procedure was still in effect.

saying more.[4] Taylor filed a motion to withdraw his guilty plea because he was no longer going to be sentenced by Judge Randall.[5] His motion was denied. Judge H. Michael Coburn conducted the second sentencing procedure, which lasted five days, and Taylor again received a sentence of death.[6]

Taylor then filed a second pro se PCR motion,[7] challenging his guilty plea, his second sentencing proceeding, and his sentence of death.[8] Judge Edith Messina held an evidentiary hearing at which Taylor presented evidence on the issue of ineffective assistance of sentencing counsel for failing to investigate and present sufficient mitigating evidence. Taylor was not allowed to argue ineffective assistance of plea counsel in the second PCR motion because Judge Messina ruled that this issue had been raised and decided in Taylor's first PCR motion. Judge Messina denied Taylor's second PCR motion. Taylor appealed his conviction, his sentence, and the denial of his second PCR motion to the Supreme Court of Missouri, which affirmed.[9] Taylor,

---

[4]The Missouri Supreme Court's order simply said, "Judgment vacated. Cause remanded for new penalty hearing, imposition of sentence, and entry of new judgment." Missouri v. Taylor, No. 74220, Order (Mo. June 29, 1993).

[5]Taylor and his plea counsel claim that one of the reasons they decided to have Taylor plead guilty was because the case was being heard by Judge Randall and they believed that Judge Randall was one of the few Missouri judges who might be lenient in sentencing Taylor.

[6]Judge Coburn also sentenced Taylor to fifty years for armed criminal action, fifteen years for kidnapping and life imprisonment for rape.

[7]The court subsequently appointed counsel for the second PCR motion.

[8]This motion included the claim that plea counsel was ineffective.

[9]As mentioned earlier, this appeal was a consolidated direct and PCR appeal, pursuant to Missouri appellate procedure.

929 S.W.2d at 225. The United States Supreme Court denied discretionary review. Taylor v. Missouri, 519 U.S. 1152 (1997).

Taylor then filed a petition for writ of habeas corpus and the district court denied the petition. Taylor moved to alter or amend judgment, which was also denied. Taylor filed a notice of appeal and an amended notice of appeal in this court. We issued a certificate of appealability on two issues: (1) whether the denial of Taylor's motion to withdraw his guilty plea because the plea judge and sentencing judge were not the same person violates his federal constitutional due process rights; and (2) whether the district court erred in ruling that Taylor's ineffective assistance of plea counsel claim was procedurally defaulted.

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we apply a deferential standard of review to state court resolutions of law and fact only if the state court adjudicated the prisoner's claim on its merits. 28 U.S.C. § 2254(d); Kenley v. Bowersox, 275 F.3d 709, 711 (8th Cir. 2002). Here, the state court did not adjudicate Taylor's claims on their merits and, therefore, section 2254(d) does not apply. See Haley v. Cockrell, 306 F.3d 257, 263 (5th Cir. 2002). We review the district court's findings of fact for clear error and its legal conclusions de novo. Id.

### A.

Taylor argues that he was denied due process when he was not allowed to rescind his guilty plea before the second sentencing hearing. Generally, when a defendant pleads to a charge in reliance on a promise or agreement by the prosecutor, that promise must be fulfilled or else the defendant may withdraw his plea. Santobello v. New York, 404 U.S. 257, 262 (1971). Some courts have even found an

-4-

implied promise in plea agreements that the judge accepting the plea will be the sentencing judge. People v. Arbuckle, 587 P.2d 220, 224-25 (Cal. 1978); People v. DeJesus, 168 Cal. Rptr. 8, 11 (Cal. Ct. App. 1980).[10] However, upon complete review of the record in this case, we fail to see any evidence that a promise was made by the court or by the prosecutor that Taylor would be sentenced by Judge Randall. Therefore, Taylor's reliance on Santobello, as well as on Arbuckle and its progeny, is misplaced. While it may be true that Taylor and his counsel thought it advantageous to enter a plea in front of Judge Randall, this action did not arise from an agreement of any kind. Nor was it conditioned on the availability of Judge Randall as the sentencing judge or on any promise that Taylor would be sentenced by that particular jurist. Without a bargained-for exchange, evidenced by a plea agreement or, at least, some explicit negotiation, the state need not honor, under Santobello, a defendant's unilateral expectation.

Taylor also argues that, even if the United States Constitution does not directly require Missouri to give a defendant the right to be sentenced by a particular judge, Missouri gave Taylor that right when its legislature enacted Mo. Rev. Stat. § 565.030.[11] This section says, in part, "[w]here murder in the first degree is submitted to the trier without a waiver of the death penalty, the trial shall proceed in two stages before the same trier." Mo. Rev. Stat. § 565.030.2. Taylor argues that this statute creates a "substantial and legitimate expectation" that he would be sentenced by the same judge that accepted his plea, and deviation from the statute violates a liberty interest protected by the due process clause of the United States Constitution. The

---

[10]The Missouri Supreme Court has not recognized the rights found in Arbuckle, and has rejected its application to Taylor's co-defendant's set of facts. State v. Nunley, 923 S.W.2d 911, 920 (Mo. 1996).

[11]The state argues that Taylor did not raise this exact claim in his appeal to the Missouri Supreme Court. Nonetheless, we consider it because he did raise a federal due process claim in his appeal and he did mention section 565.030 in the same proceeding.

Missouri Supreme Court has determined that, as a matter of Missouri law, an accused is not entitled to withdraw a guilty plea as a matter of right and that the determining factor is "whether the sentencing judge has the familiarity with the prior proceedings to make an informed ruling on sentencing." Taylor, 929 S.W.2d at 216. A state's interpretation of its own law is virtually unreviewable by a federal court. Toney v. Gammon, 79 F.3d 693, 699 (8th Cir. 1996). However, we may review a state's law, whatever it may prove to be, to determine whether a state has created a "substantial and legitimate sentencing expectation" and whether any "arbitrary deprivation" of that expectation amounts to an independent federal constitutional violation. Id. (internal quotations omitted).

While the Missouri Supreme Court has stated that an accused does not have the right to the same judge at the plea and sentencing stages, the court first made that statement in Taylor's appeal, after his right was allegedly violated. Taylor, 929 S.W.2d at 215-16. Therefore, we find it prudent to look to the statutory provision and to the status of Missouri case law at the time of Taylor's plea to determine if state law created a "substantial and legitimate" expectation. In State v. Tettamble, 450 S.W.2d 191, 193 (Mo. 1970), the Missouri Supreme Court clearly held that a sentencing judge could replace a trial judge if the trial judge became unavailable and the sentencing judge became familiar with the proceedings. Additionally, we agree with the Missouri Supreme Court that while the statute codifies the desirability of having the same trial and sentencing judge, substitution of a new judge for sentencing does not "create manifest injustice." Taylor, 929 S.W.2d at 216. Thus we see no substantial and legitimate expectation under the statute that rises to the level of a federally protected interest.

Since Taylor has no state-created, federally-protected interest in having the same trial and sentencing judge, he must look directly to the language of the Constitution for due process relief. We agree with the district court that there is no independent federal right to be sentenced by the same judge that took a guilty plea

and find no constitutional provision that guarantees such a right.  Therefore, Taylor's due process claims must fail.

## B.

Taylor also argues that the district court erred in ruling that he has procedurally defaulted his claim that his plea was involuntary because of ineffective assistance of counsel.  In his first PCR motion, Taylor clearly raised this issue.  Judge Dierker found that Taylor's plea counsel was not ineffective, but rather was thorough and professional.  Taylor appealed this issue and others to the Missouri Supreme Court, which "vacated" Judge Dierker's judgment and "remanded for new penalty hearing, imposition of sentence, and entry of new judgment."  The court made no mention of the ineffective assistance allegation.  After a new sentence was imposed by Judge Coburn, Taylor again raised this claim in his second PCR motion.  Judge Messina acknowledged Taylor's position that effectiveness of plea counsel remained in question, but she disagreed with this contention and refused to receive evidence or hear arguments on the issue.  In Judge Messina's final order, she declined to consider the claim because "[t]he Supreme Court by its order of June 29, 1993, by remanding for resentencing only, affirmed the voluntariness of the guilty plea, and thus has ruled Movant's points regarding [plea counsel's] representation against him."  Taylor v. Missouri, No. Civ. 94-19962 (Mo. Cir. Ct. June 19, 1995).  This ruling and the ineffective assistance of plea counsel claim were not raised or briefed in Taylor's subsequent PCR appeal to the Missouri Supreme Court.  The state also did not appeal Judge Messina's ruling.

Taylor renewed the plea counsel claim in his federal habeas corpus petition, and the federal district court, upon the urging of the state, found that the claim was either waived or already decided by the Missouri Supreme Court, and thus was procedurally defaulted.  The district court went on to rule that Taylor did not show cause for this default, specifically noting, among other things, that his post-conviction

counsel's failure to appeal the defaulted claims could not constitute legally sufficient cause.

Taylor now argues that his claim is not procedurally barred because he raised objections in his initial PCR motion and in his first appeal to the Missouri Supreme Court. Additionally, he argues that his claim is not procedurally barred because the state agreed not to assert procedural defenses in federal court and that Judge Messina erroneously ruled that he could not assert the claim. The state argues in response that the procedural bar is firmly in place because Taylor failed to appeal Judge Messina's erroneous determination. The state argues that its "agreement" not to raise procedural objections is not relevant and that Taylor has shown neither cause nor prejudice sufficient to overcome the procedural barrier.

The first question we address is whether the claim is procedurally defaulted at all. If Judge Messina was correct that the Missouri Supreme Court considered and rejected Taylor's plea counsel assertion, the issues of deference to and comity with the state courts, which underlie the procedural bar doctrine, have been satisfied and there would appear to be no reason that the federal habeas tribunal should not now review the claim on its merits. See Wainwright v. Sykes, 433 U.S. 72, 88-90 (1977). However, the state argues, for the first time in federal court,[12] that Judge Messina was wrong and that Taylor, but not the state, had a duty to appeal this erroneous ruling to the Missouri Supreme Court. At best, the state's arguments appear to be disingenuous.

Judge Messina's ruling seems clearly wrong. We find neither precedent nor rationale for a holding that an appellate court, in vacating a lower court judgment, affirms by implication, the trial court's rulings in that judgment. This is especially true when the appellate court says not a single word about the particular claim at

---

[12]Indeed, the state argued to Judge Messina that the ineffective plea counsel claim had already been decided by the Missouri Supreme Court.

-8-

issue. Although we agree that there are instances when an affirmance by implication can be gleaned from an appellate court's rulings, this is not one of them. Accordingly, we turn to Taylor's contention that Missouri waived its procedural defenses.

Taylor's counsel in the second penalty proceeding asked Judge Coburn to take judicial notice and to preserve for appeal all issues that had "gone before." Judge Coburn agreed to do so. Then, counsel asked the state if it "would not object procedurally in the [Missouri] court of appeals, the Supreme Court of Missouri, or *the federal courts* to all of that [Judge Coburn] took judicial notice of." Emphasis added. Thereafter, the record reads as follows:

> [Bowersox's Counsel]: I have no objection to the Court taking judicial notice of the prior proceedings and the transcripts which have been prepared in connection therewith.

> [Taylor's Counsel]: I understand, but will you stipulate on behalf of the State of Missouri that the State of Missouri will not object to any procedural issue from those proceedings? That's what I need.

> [Bowersox's Counsel]: The State will not object to the Court taking judicial notice and preserving all of those proceedings and transcripts for appeal.

The state now argues, of course, that this was not a waiver of its procedural defenses in federal court. Taylor has a different analysis, and, perhaps, rightly so. We can see both points of view. We think that the state should have been more forthright and definitive in its response to what appears to have been a reasonably straightforward request. Nonetheless, in the final analysis, we believe the stipulation is not specific enough to bear the weight that Taylor would have us place upon it, especially since the stipulation was made well before Judge Messina's disputed ruling on the plea counsel issue.

Thus, if Taylor's plea counsel allegation was neither decided by the Missouri Supreme Court nor the beneficiary of a waiver of procedural defenses, it is defaulted. If so, it is barred from federal habeas review unless Taylor can show cause for and prejudice from the procedural failure. Engle v. Isaac, 456 U.S. 107, 129 (1982); Wainwright, 433 U.S. at 90-91.

Taylor initially argues that Judge Messina's error was, in itself, objective external state-sponsored cause for his failure to preserve his claim for further consideration. In the alternative, he contends that Judge Messina's adamant refusal to allow the claim to be asserted or discussed prompted his counsel to fail to raise the issue on appeal and, thus, derivatively caused the procedural failure.

We are reluctant to find that a judicial mistake of this nature creates cause sufficient to excuse a procedural default. It was, after all, an appealable ruling that Taylor ignored when he sought appellate review by the Missouri Supreme Court. Accordingly, he must look elsewhere for relief.

If a procedural default is the result of ineffective assistance of trial or direct appeal counsel, in a matter external to the defense and imputed to the state, the Sixth Amendment requires that the default be excused. Murray v. Carrier, 477 U.S. 478, 488 (1986). In such an instance, constitutionally deficient performance of appellate counsel is "cause" to forgive a procedural default. Id.[13] But the exhaustion doctrine

---

[13]Errors made by PCR counsel are not actionable as cause to excuse procedural defaults for habeas purposes. Chambers v. Bowersox, 157 F.3d 560, 566 n.6 (8th Cir. 1998); Clemmons v. Delo, 124 F.3d 944, 947 (8th Cir. 1997). Here, we clearly deal with a PCR issue because in Missouri ineffective assistance of plea counsel claims can only be raised in PCR proceedings. However, in a situation like Missouri has established where the PCR and direct appeal are consolidated and both are handled by one attorney, we note that there may be constitutional implications if that attorney makes a mistake in the consolidated appeal. We avoid this issue by simply considering counsel as direct appeal counsel. Ultimately the issue is irrelevant since

requires that a claim for ineffective assistance of counsel be initially "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default" in a federal habeas proceeding. Id. at 489. There is no indication that Taylor has ever done this. Thus, the exhaustion doctrine prevents us from considering whether his appellate counsel was a source of cause to lift the procedural bar. While there are exceptions to the exhaustion doctrine, see Spreitzer v. Schomig, 219 F.3d 639, 644-47 (7th Cir. 2000) (recognizing "fair presentment" and "futility" as exceptions to the exhaustion doctrine), they are not applicable here.

Even if Taylor had satisfied the mandates of the exhaustion doctrine and has surmounted the "cause" threshold of an ineffective assistance of appellate counsel claim, he must also establish the prejudice requirements of the "cause and prejudice" formulation for ineffective assistance of counsel created by Strickland v. Washington, 466 U.S. 668, 687, 691 (1984). Without the finding of prejudice inherent in the Strickland equation, the procedural hurdle precludes consideration of Taylor's underlying constitutional claim–ineffective assistance of plea counsel. However, the prejudice we evaluate within this analytical framework is not prejudice emanating from the services of appellate counsel, but rather, that prejudice arising from the acts or omissions of plea counsel. As we have stated previously,

> While it is true that the . . . appeal counsel served as *cause* for the procedural default, we do not look to direct appeal counsel's conduct to determine *prejudice* for the procedural default. To establish prejudice sufficient to excuse a procedural default, [a defendant] must show that the ineffective assistance of *trial* counsel worked to his actual and substantial disadvantage, and infected his entire trial with constitutional error.

Burns v. Gammon, 260 F.3d 892, 895 (8th Cir. 2001) (emphasis in original).

---

we find no prejudice in this case.

-11-

Taylor contends that he was prejudiced when the public defender's office fired his attorney, Leslie Delk, leaving her without appropriate resources and in a position of needing to devote her time to searching for a new job. Taylor also argues that he was never advised of his right to jury sentencing under Mo. Rev. Stat. § 565.006.2 and that counsel was ineffective in not researching and advising him on the sentencing judge's alcoholic tendencies.

When, as here, a defendant pleads guilty on the advice of counsel, he must demonstrate, in order to later claim that his plea was involuntary because of some infirmity in the advice, that the advice was not "within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970); see also Tollett v. Henderson, 411 U.S. 258, 266 (1973). Taylor has stated that the reason he pled in front of Judge Randall was because his plea counsel believed that Judge Randall was perhaps the only judge who would consider giving Taylor a sentence other than death. Faced with the overwhelming evidence in the case, including a videotaped confession and DNA-verified samples of Taylor's seminal fluid inside of the victim, it is well within a standard of competent lawyering for counsel to suggest a plea in front of a judge who would at least consider a non-death option. Counsel can never guarantee a sentencing result, nor is there any evidence that Taylor's counsel did so here. Therefore, we see no merit to a claim that plea counsel was ineffective when she advised Taylor to plead guilty in front of Judge Randall. Without evidence to the contrary, it is not ineffective assistance for counsel not to know of a judge's alleged tendency to have an alcoholic beverage at lunch. Nor is there evidence that, had Taylor or his counsel known of the judge's alleged daytime use of alcohol, the information would have affected counsel's advice, or Taylor's decision to plead guilty.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the

judgment." Strickland, 466 U.S. at 691. The defendant must show that the error had an actual effect on the defense, not just some "conceivable effect on the outcome of the proceeding." Id. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Similarly, we see no prejudice in Taylor not being advised of Mo. Rev. Stat. § 565.006.2, because there is no showing that it would have affected his decision to plead guilty. At the time of the plea, it is abundantly clear that Taylor, as well as his counsel, wanted to avoid jury participation in the proceedings. Taylor presented no credible evidence on PCR review that knowing he could plead guilty and be sentenced by a jury, rather than a judge, would have affected his decision to be sentenced by a judge. Additionally, section 565.006.2 does not grant substantive rights to a defendant. Rather, it is a provision which must be agreed upon by the prosecutor.[14] Taylor presented no evidence to the first PCR court that the prosecutor would have agreed to invoke section 565.006.2; in fact, there was evidence to the contrary.

Furthermore, while there may be instances where an attorney's personal and professional life unacceptably impacts counsel's representation of a criminal defendant, this is not such a case. We agree with Judge Dierker's determination that Leslie Delk, despite being fired by the public defender's office, performed well within the bounds of professional competence in representing Taylor during his plea proceedings, and in fact, acted in a "very professional manner" during these events and "displayed commendable loyalty to Taylor's interests." Taylor v. Missouri, Nos. CV91-20562, CV91-20638, 64 (Mo. Cir. Ct. July 1, 1992). Thus, there being no evidence of constitutionally defective lawyering, there can be no prejudice in

---

[14]The section says, "No defendant who pleads guilty to a homicide offense . . . shall be permitted a trial by jury on the issue of the punishment to be imposed, except by agreement of the state." Mo. Rev. Stat. § 565.006.2.

-13-

upholding the procedural default of Taylor's ineffective assistance of plea counsel claim.

Taylor's final contention is that he is "actually innocent" of the charged crime, and thus can avoid the procedural bar. Even assuming that Taylor's gateway claim of actual innocence is sufficient to lift the procedural bar, we have already determined in the preceding paragraphs that his plea counsel's performance did not constitute ineffective assistance within the meaning of Strickland. Although we reached this conclusion in the context of deciding that Taylor's claim of ineffective assistance of appellate counsel did not overcome his procedural default of his claim of ineffective assistance of plea counsel, it is necessarily the same conclusion we would reach if we addressed the merits of Taylor's claim of ineffective assistance of plea counsel. Thus, we would still affirm the district court's denial of relief even if we found that Taylor's claim of ineffective assistance of plea counsel was not procedurally defaulted. See Stephens v. Norris, 83 F.3d 223, 224 (8th Cir. 1996) (in affirming district court's denial of relief, this court may bypass issue of procedural bar and address simpler issue of merits of underlying claim).

## III.  CONCLUSION

For the reasons stated above, we affirm the result reached by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-14-