# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1397

_____

Michael Anthony Taylor,

         Appellant,

v.

Larry Crawford, Director, MO Dept. of Corrections; James D. Purkett, Superintendent, Eastern Reception Diagnostic & Correctional Center,

         Appellees.

\* \* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States District Court for the Western District of Missouri.

[PUBLISHED]

_____

Submitted: April 18, 2006
Filed: April 27, 2006

_____

Before RILEY, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Michael Anthony Taylor appeals the district court's judgment denying his claim, brought pursuant to 42 U.S.C. § 1983, that the State of Missouri's current lethal injection protocol violates the Eighth Amendment's ban on cruel and unusual

punishment. We remand for further proceedings consistent with this opinion but retain appellate jurisdiction.

## I.

Michael Taylor was sentenced to death after pleading guilty to first degree murder, armed criminal action, kidnapping, and forcible rape for the abduction, abuse and brutal murder of 15-year-old Ann Harrison. See State v. Taylor, 929 S.W.2d 209 (Mo. 1996) (en banc), cert. denied, 519 U.S. 1152 (1997). The United States District Court for the Western District of Missouri denied his petition for a writ of habeas corpus, and we affirmed. See Taylor v. Bowersox, 329 F.3d 963 (8th Cir. 2003), cert. denied, 541 U.S. 947 (2004). There is no question that Taylor's convictions and sentence of death are valid, and the State has a significant interest in the prompt execution of its judgments. See Nelson v. Campbell, 541 U.S. 637, 644 (2004) ("[A] State retains a significant interest in meting out a sentence of death in a timely fashion").

No death warrant had yet been issued on June 3, 2005, when Taylor filed the instant § 1983 action in the district court challenging the method of his execution. Taylor sought a declaratory judgment that the State's existing lethal injection procedure violates the Eighth and Fourteenth Amendments to the United States Constitution by creating a substantial and unnecessary risk that Taylor will suffer the wanton infliction of gratuitous pain.[1] Another Missouri death row inmate, Richard D. Clay, intervened in the lawsuit asserting the same claim. The State's lethal injection

---

[1]Taylor's complaint also included claims that the lethal injection protocol violates the Thirteenth Amendment as a badge of slavery and that the State unlawfully uses physicians to carry out essential steps in an execution in violation of medical ethics. At oral argument before this court, Taylor's attorneys explicitly abandoned those claims. We therefore will not address them in this opinion, and they may not be reasserted before the district court on remand.

protocol, which is not mandated by statute, involves administering (1) a 5-gram injection of sodium pentothal (also known as thiopental), (2) a 60-milligram injection of pancuronium bromide, and (3) a 240-milliequivalent injection of potassium chloride, with each injection separated by a saline flush. The injections are administered by an IV catheter that a board-certified surgeon has inserted into the femoral vein. Taylor alleges that the State's three-chemical protocol creates a foreseeable likelihood that he might be conscious but paralyzed and unable to indicate that he is suffering gratuitous and torturous pain before death, and that the placement and use of the femoral vein access causes the gratuitous infliction of pain.

Taylor moved for expedited discovery on August 1, 2005. The court denied the motion but assured Taylor that he would be given sufficient time for discovery and a decision prior to his execution. (See App. at A-52.) Discovery went forward, but the State objected to certain interrogatories that sought the identity of the doctor and nurse who had attended previous executions. Magistrate Judge Knox issued a protective order requiring the State to provide responses concerning its practices and the qualifications of any medical personnel who have participated in executions, without disclosing their identities or any confidential information.

The State filed a motion to dismiss the action for failure to state a claim and alternatively argued that the case should be recharacterized as a habeas petition and dismissed as second or successive. On December 28, 2005, the district court[2] denied the motion to dismiss. On January 3, 2006, the Supreme Court of Missouri set the date for Taylor's execution as February 1, 2006, providing nearly a month within which the district court could and should have held an evidentiary hearing in this case, resolved the issues and entered a judgment, and we could have entertained any appeal.

---

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Not until January 18, 2006, did the district court set a date for an evidentiary hearing. The court set the hearing for February 21, 2006, and ordered a temporary injunction staying the February 1 execution until further order of the court after the hearing. Judge Wright gave no reason to justify the injunction other than that his calendar was unable to accommodate an evidentiary hearing prior to February 21. The State appealed the injunction on January 23, 2006. We reversed the stay (see Order, No. 06-1278, Jan. 29, 2006) after concluding that the State's strong interest in the prompt execution of its judgment was not outweighed by the district court's scheduling difficulty. In recognition of Mr. Taylor's equally strong interest in having an evidentiary hearing on his claims prior to his execution, we ordered that the case be reassigned to a district court judge who could immediately hold an evidentiary hearing and issue a ruling prior to 12:00 noon on February 1. Our order also stayed the execution until 11:59 p.m. on Friday, February 3, 2006, which provided a window of time for an appeal of the merits to this court prior to execution.

On remand, the chief judge of the United States District Court for the Western District of Missouri reassigned the case to the Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, who promptly held a telephonic evidentiary hearing on January 30 and 31, 2006. Judge Gaitan made it clear to the parties that the hearing would be concluded within the time frame set by this court, and the intervenor withdrew from the case. At the hearing, Taylor presented the expert opinion testimony of Dr. Mark J. S. Heath, an anesthesiologist, and Dr. Jonathan Groner, a pediatric surgeon. Taylor requested the State to produce John Doe Numbers One and Two (the doctor and nurse who participated in the most recent execution), but the district court denied this request. The State presented the testimony of Dr. Mark Dershwitz, an anesthesiologist, and Terry Moore, the Director of the Adult Institutions Division of the Missouri Department of Corrections. At the close of the hearing, Taylor sought to present the expert testimony of Dr. Sri Melethil, a pharmacokineticist, to rebut the State's expert witness, but Dr. Melethil had been out of town and was unable to appear until the morning of February 1. The district court

did not permit this delay, and Taylor's attorney was unable to make an offer of proof due to the scientific nature of the testimony and the limited time within which the district court was required to hold the hearing and make a decision. In good faith compliance with this court's order, Judge Gaitan heard and considered the testimony presented on January 30 and 31 and issued an order denying all claims on the afternoon of January 31.

The State then moved to vacate the stay of execution issued by this panel on January 29, 2006. In recognition that the district court had completed the required hearing and entered an order denying Taylor's claims on the merits, our panel modified the stay to provide that it would expire at 5 p.m. on February 1, 2006, rather than on February 3, bringing it within the 24-hour window created by the Supreme Court of Missouri's death warrant. Judge Beam dissented on the ground that he would have vacated the stay in its entirety. (See Order, No. 06-1278, Jan. 31, 2006).

Taylor immediately appealed the district court's adverse order, asserting that the expedited and truncated hearing before the district court denied him of due process, that the district court abused its discretion by not permitting him to call medical witnesses John Doe Numbers One and Two or Dr. Melethil, and that the district court erred in denying his claims on the merits. Taylor also sought a stay of execution. The panel denied the stay. (See Order, No. 06-1397, Feb. 1, 2006) (Hansen, J. dissenting). The same day, the en banc court voted (9-1) to grant Taylor's petition for rehearing and application for a stay. (See Order, No. 06-1397, Feb. 1, 2006) (en banc) (Riley, J. dissenting). The en banc court then returned the case to this panel for disposition following briefing and oral argument.

II.

Having now thoroughly considered the arguments of the parties and having read the transcript of the record developed before the district court in the telephonic

hearing, we conclude that we will be somewhat more comfortable as we consider and determine the merits of the case if the district court has had an opportunity to expand or supplement the record. We mean no criticism of Judge Gaitan; in fact, we commend him for his excellent management of the hearing and the issuance of an order on such short notice and within the extreme time constraints created by the first district judge's failure to give the matter the expedited consideration it required and by our attempt to accommodate both sides within the remaining time established by the expiration date of the state supreme court's death warrant. Having reviewed the record made before the district court, we now realize the burdensome strain that our order imposed upon the district court as well as upon the parties as they made extraordinary efforts to comply. We hereby offer our *mea culpa*–this panel attempted to accommodate two significant and important competing interests, but unfortunately failed in both respects. As a result, the enforcement of the State's judgment has been postponed, and Taylor was unable to make the record he felt necessary for the full and fair consideration of the merits of his case. We simply asked the district court and the parties to do too much in too little time.

Several existing circumstances inform our decision to remand. The United States Supreme Court is presently considering the issue of whether a § 1983 complaint brought by an inmate sentenced to death and challenging a state's lethal injection procedure is properly recharacterized as a habeas corpus petition. See Hill v. Crosby, 126 S. Ct. 1189 (2006) (granting an application for a stay of execution and granting the petition for a writ of certiorari on this issue). Because the Supreme Court did not grant a stay in the present case (see S. Ct. Order, No. 05-8919, Feb. 1, 2006), we will permit the case to continue in its present form unless the Court's forthcoming decision in Hill at some point mandates a different course of action.

Additionally, the en banc court of this circuit granted a stay. In view of the existing record, the importance of the issue to this plaintiff as well as others, and the likelihood of the recurrence of these identical issues in future Missouri death penalty

cases, we remand for the limited purpose of permitting a continuation of the hearing held on January 30-31, 2006, before Judge Gaitan. While we conclude that some further opportunity for discovery may be warranted, we leave all matters of what further discovery may be warranted to Judge Gaitan, confident that if he feels it necessary he will employ the assistance of Magistrate Judge Knox, in light of Judge Knox's extensive prior experience with the pretrial issues in this case.

## III.

Accordingly, we remand the case with instructions that the hearing be reconvened before Judge Gaitan. The parties shall have 30 days from this order to engage in any further discovery that the district court in its discretion deems warranted and an additional 30 days within which the hearing shall be completed and for the district court to enter its order amending, modifying, or restating its present judgment, and certifying the same to us. We will then establish an expedited briefing schedule and an expedited oral argument. We choose this 60-day time period based on the representations of counsel made at oral argument that such a period is sufficient to complete the task already begun, and we will strictly enforce it. We also choose it because we conclude such a period will accommodate the significant interests of both sides, which we have identified.

The case is remanded for further proceedings consistent with this opinion.

_____