# IN THE COURT OF APPEALS OF IOWA

No. 20-0535
Filed April 14, 2021

**MICHAEL SCHAWITSCH,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Lee (South) County, Mary Ann Brown, Judge.

Michael Schawitsch appeals the denial of his fourth application for postconviction relief. **AFFIRMED.**

R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Richard Bennett, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**GREER, Judge.**

In his fourth attempt to challenge a 2001 jury conviction on two counts of robbery in the first degree, two counts of unauthorized possession of an offensive weapon, and one count of first-degree burglary, Schawitsch applied for postconviction relief (PCR).[1] Because it was filed almost seventeen years after his conviction was final, the State moved for summary disposition. The district court dismissed the application as time-barred under the statute of limitations established in Iowa Code section 822.3.[2]

Schawitsch argues the district court erred by failing to apply the teachings of *Allison v. State*, 914 N.W.2d 866 (Iowa 2018),[3] and set aside his conviction because his counsel at all levels—trial, direct appeal, and first PCR—rendered performances so deficient they caused structural error. The State argues the district court correctly dismissed this fourth application for PCR.

**I. Facts and Procedural History.**

Schawitsch was convicted for robberies taking place over two consecutive days in February 1999. On the first day, a Joy Mart convenience store and then on the next, a McDonald's restaurant in Keokuk, Iowa, were robbed of cash by a man with a gun. During the McDonald's restaurant robbery, after a worker alerted

---

[1] The pro se application was amended January 4, 2020.
[2] Iowa Code section 822.3 (2018) provides:
> All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

[3] In *Allison*, the supreme court held the filing of a second PCR petition—alleging ineffective assistance of first PCR counsel—relates back to the date of the original petition if "filed promptly" after the first PCR action. 914 N.W.2d at 891.

a drive-through customer of the reason behind the delay, the customer drove to the police station and told officers what was taking place. As officers arrived, a white Chevrolet Corsica without any license plates fled the restaurant. After a high-speed chase into Illinois along Nauvoo River Road, the officers failed to apprehend the driver.

The next day the officers recovered a sawed-off shotgun along the escape route. It was similar to the gun observed on the suspect during the McDonald's robbery. In April, officers located a pair of blue jeans, two bank bags marked McDonald's, another bank bag, and $1098 in cash under a boat near the Nauvoo River Road escape route. No identifying fingerprints were found on the items. Next the police received information Schawitsch owned a vehicle similar to the white Corsica used in the McDonald's robbery. Initially, the vehicle belonged to Schawitsch's former girlfriend. Around February 1999, Schawitsch took ownership of the vehicle from the girlfriend and the plates were removed. In April, the vehicle was abandoned at an auto body shop. An unidentified woman called requesting the body shop owner junk the vehicle. Instead, an Illinois salvage yard owner took possession in August of 1999. The name on the vehicle's title was "Michael Schawitsch," and Schawitsch's pay stub was found in the vehicle.

After receiving information that Schawitsch owned a vehicle matching the Corsica in the high-speed chase, the police prepared a photographic lineup, and three of four witnesses identified Schawitsch as the robber.

Offering an alibi defense, Schawitsch testified he had been at his brother's and at his mother's house on the nights of February 6 and 7, corroborated by testimony from Schawitsch's mother and his brother's girlfriend. Despite his alibi

defense, a jury convicted Schawitsch of all charges. Schawitsch appealed and this court affirmed the conviction on June 13, 2001.[4] *State v. Schawitsch*, No. 00-0475, 2001 WL 709444, at *1-2 (Iowa Ct. App. June 13, 2001).

Following this appeal, Schawitsch applied for further review, which the Iowa Supreme Court denied. Procedendo issued on September 27, 2001. On June 3, 2002, Schawitsch timely filed his first PCR application. His PCR claims were denied on September 26, 2002. Schawitsch appealed the decision; however, this court affirmed the district court on June 25, 2003.[5] Procedendo issued on September 23, 2003.

Next, in December 2003, Schawitsch petitioned for habeas corpus relief in federal court. His petition was denied, and the denial was later affirmed on appeal. *Schawitsch v. Burt,* 491 F.3d 798, 799, 803-804 (8th Cir. 2007) (finding photo array used to identify Schawitsch was not impermissibly suggestive and any claim of

---

[4] Issues presented in the direct appeal were: (1) the district court should have suppressed evidence of an impermissibly suggestive photographic lineup; (2) the court should have granted his motion to strike two witnesses; (3) an exhibit should have been introduced into evidence; (4) the State did not present sufficient evidence to support his convictions; (5) he should not have been sentenced to consecutive prison terms; and (6) Iowa Code section 902.12 (2001) is unconstitutional.

[5] In a short opinion affirming denial of Schawitsch's first PCR action, our court said:

> Schawitsch . . . filed a petition for [PCR], reasserting five of the six arguments raised on direct appeal. The district court concluded all five claims now asserted "were previously and finally adjudicated by the Iowa Court of Appeals" and granted the State's motion for summary disposition. A [PCR] proceeding may not be used as a means to relitigate claims which "were or should have been properly presented on direct appeal." To the extent identical issues were previously raised by Schawitsch and rejected by this court on direct appeal, they were properly dismissed by the district court in this action.

*Schawitsch v. State*, No. 02-1549, 2003 WL 21458797, at *1 (Iowa Ct. App. June 25, 2003) (citation omitted).

ineffective assistance by trial counsel for a failure to object to prosecutor's impermissible cross-examination was procedurally defaulted at the state court level). The federal court summarized the ineffective assistance claim:

> The district court also correctly held the actions of direct-appeal and post-conviction counsel cannot constitute "cause" to excuse a procedural default, unless that claim has been adjudicated in state court, which Schawitsch did not do. See *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003) (holding exhaustion doctrine requires claim for ineffective assistance of direct appeal counsel be initially presented to state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceeding).

*Id.* at 804.

Back at the state level, Schawitsch applied for PCR a second time in October 2006, asserting he was denied effective assistance of counsel by his trial counsel, direct appeal counsel, and his PCR counsel. The State moved for summary disposition because the petition was time-barred under the three-year statute of limitations in section 822.3. The district court agreed, and the application was summarily dismissed as untimely on April 27, 2007. Schawitsch appealed, and our court affirmed the district court. *Schawitsch v. State*, No. 07-0873, 2008 WL 681468, at *1-2 (Iowa Ct. App. Mar. 14, 2008).

Schawitsch filed his third application for PCR on March 1, 2010, claiming new evidence not available at trial and that his trial counsel was ineffective for failing to adequately investigate another suspect. The district court found the evidence was either not newly discovered or did not rise to the level to prove prejudice, and it denied the application on April 4, 2011. Again, Schawitsch appealed. A panel of our court affirmed the district court. *Schawitsch v. State*, No. 11-0743, 2012 WL 1439223, at *2, 5 (Iowa Ct. App. Apr. 25, 2012) (concluding

"there is too much other evidence of Schawitsch's guilt in the record" to show any change in the result even considering any newly discovered evidence or any unprofessional errors of trial counsel).

Now on his fourth try, Schawitsch applied for PCR forty-seven days after the *Allison* ruling and six years from the third PCR application. In this 2018 PCR application, Schawitsch contends his first PCR counsel purposely raised issues that had been already decided in the direct appeal with the goal to move as quickly as possible through the state trial process to then file the federal habeas corpus petition. Once the first PCR was dismissed, Schawitsch argues his PCR counsel urged a "bare bones appeal," effectively creating a lack of meaningful representation. Schawitsch characterizes the performance of his counsel as "so deficient to be deemed structural error." After the State moved for summary disposition of his fourth application, the district court dismissed it as time-barred on February 27, 2020. Schawitsch appeals that ruling.

**II. Standard of Review and Preservation of Error.**

We review summary dismissals of PCR applications for errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). But PCR applications that allege ineffective assistance of counsel implicate constitutional rights and thus receive de novo review. *Id.*; *see also State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019). Summary disposition is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law," essentially applying summary

judgment principles. *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994) (quoting Iowa Rule of Civil Procedure 237(c), now renumbered 1.981(3)).

All parties agree error was preserved on the issues presented.

**III. Analysis.**

We first review the steps to advance a PCR action. To have a timely PCR application under *Allison*, three conditions must be met: (1) the original PCR application alleging ineffective assistance of counsel must be timely filed under section 822.3; (2) the second PCR application must assert PCR counsel was ineffective in presenting the ineffective-assistance-of-trial counsel claim; and (3) the successive petition must be "filed promptly after the conclusion of the first PCR action." 914 N.W.2d at 891. Here, the statute of limitations expired in September 2004—three years after writ of procedendo issued on September 27, 2001 following the supreme court's denial of his application for further review following his direct appeal.

As for the first prong, "the original PCR application must be timely filed under section 822.3," and while it was in this case, no claims of ineffective assistance of counsel were raised. *See id.* After the federal action failed, Schawitsch filed a second application for PCR and for the first time listed ten alleged failings of trial counsel, plus the failure of the first PCR counsel to raise ineffective assistance of trial counsel. That second 2006 PCR filing was untimely under section 822.3.

As for the second prong of *Allison*, it was not met because the original timely PCR application listed no claims of ineffective assistance of counsel, instead only addressing deficiencies already articulated in the direct appeal. Yet it appeared

this was an intentional strategy developed between Schawitsch and his PCR counsel to get the case into federal court as quickly as possible. In correspondence between PCR counsel and Schawitsch, counsel clarified their discussions as follows:

> I did not include any argument concerning ineffective assistance of counsel. After reviewing all the transcripts and case background, including your family's concerns about the application to the Iowa Supreme Court for further review, it appears [trial counsel] represented you vigorously and competently. I have found no indication that he failed to do anything substantial. I concur with your assessment that he did a good job for you. The problems were with the trial court, not your trial attorney.

Years spent incarcerated may have changed Schawitsch's position on the strategy, but "[m]iscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Ledezma*, 626 N.W.2d at 143. Ineffective assistance is more likely when counsel's alleged actions or inactions result from a lack of diligence, rather than use of judgment. *Id.* And first PCR counsel confirmed his belief that trial counsel performed competently. *See State v. Brubaker,* 805 N.W.2d 164, 171 (Iowa 2011) (noting counsel does not provide ineffective assistance by failing to pursue a meritless claim).

Along with failing to establish the first and second *Allison* prongs, Schawitsch also cannot meet the third prong. Under *Allison*, the successive petition must be "filed promptly after the conclusion of the first PCR action." 914 N.W.2d at 891. Here, the district court noted:

> This court in evaluating whether [Schawitsch] promptly filed his successive [PCR] petition after the conclusion of the "first" [PCR] case must also take into consideration the traditional principles of finality in criminal cases. The court is aware that *Allison* sets up

> standards to grant exceptions to the concept of finality. But in evaluating whether [Schawitsch's] actions were "prompt" the concept of finality is appropriate. "Without finality, the criminal law is deprived of much of its deterrent effect."

(Citation omitted.) Schawitsch's fourth PCR filing does not fit within the narrow exception of *Allison*. First, it is not the second PCR filing. Second, it was not filed promptly after the conclusion of the first PCR action. *Id.* Under section 822.3, Schawitsch's three -year statute of limitations for applying for PCR expired in September 2004. This fourth PCR application comes almost fourteen years after that deadline.

We remain consistent in our approach of denying relief when a third, or in this case fourth, PCR cause of action is involved. *See Smitherman v. State*, No. 19-0331, 2020 WL 3571814, at *2 (Iowa Ct. App. July 1, 2020) (finding fourth PCR claim not allowed); *Long v State*, No. 19-0726, 2020 WL 2061934, at *3-4 (Iowa Ct. App. Apr. 29, 2020) (finding third PCR application did not fall within narrow confines of *Allison*); *Morris v. State*, No. 18-1021, 2019 WL 3714820, at *2 n.2 (Iowa Ct. App. Aug. 7, 2019) (finding third PCR claim, filed nine years and eleven months after procedendo issued on the appeal of first PCR application, time-barred); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *4 (Iowa Ct. App. Aug. 1, 2018) (noting third PCR application was time-barred). This fourth application is not "promptly" filed. *See Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (citing cases that confirm the word promptly means "in a prompt manner, at once; immediately, quickly"). In short, we agree with the district court's resolution.

Directing us back to language in *Allison*, Schawitsch promotes a constitutional mandate that requires a defendant to have at least one competent counsel in the process challenging a wrongful conviction no matter when the challenge is made. He advocates extending the rationale of *Allison* to his fourth PCR filing by allowing it to relate back to the timing of the filing of the original PCR petition. He posits that he has suffered "structural ineffective assistance of counsel" because his trial counsel, appeal counsel, and the first PCR counsel all failed in their duties. *See Dockery v. State*, No. 13-2067, 2016 WL 351251, at *5 (Iowa Ct. App. Jan. 27, 2015) (reversing and remanding for consideration of substantive claims where "although three attorneys were appointed to represent Dockery in the PCR action, none made any substantive filings appropriate to a PCR action during the three-and-one-half years the action was pending"). Schawitsch's focus in this appeal centers on the first PCR counsel. Schawitsch offered correspondence from his PCR counsel to show "[PCR counsel] was raising the same issues that had just been rejected on direct appeal . . . to invite summary dismissal which did occur." Because his first PCR counsel treated the filing as a necessary step to allow him access to the federal habeas corpus relief and it was not a serious effort, Schawitsch argues his circumstances require relief even after the passage of years. Structural error occurs when:

> (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*State v. Feregrino*, 756 N.W.2d 700, 707 (Iowa 2008) (citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)). To be sure, the first PCR application failed to articulate any ineffective assistance of counsel allegations, but we cannot say this record supports a denial of counsel at a crucial stage or denial of a meaningful adversarial testing of the issues. Because PCR counsel made a tactical decision and believed trial counsel performed competently, those decisions do not rise to a structural error. *See Lado v. State*, 804 N.W.2d 248, 253 (Iowa 2011) (holding PCR counsel's ineffective assistance in failing to avoid dismissal under Iowa Rule of Civil Procedure 1.944 amounted to structural error that rendered the entire PCR proceeding "presumptively unreliable"); *Hrbek v. State*, No.13-1619, 2015 WL 6087572, at *2-3 (Iowa Ct. App. Oct. 14, 2015) (concluding the applicant was entitled to reinstatement of a PCR action that had been dismissed eight years earlier under rule 1.944 because of the ineffective assistance of PCR counsel, which resulted in structural error).

Finally both parties spar over the application of the amended section 822.3 (Supp. 2019) to this case. The State advocates for the application of the amendment to bar the PCR filing, and Schawitsch counters against its application. The district court agreed with Schawitsch. Effective July 1, 2019, Iowa Code section 822.3 now states, "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate to a prior filing to avoid the application of the limitation periods." This amendment appears to abrogate *Allison*, although it is not yet clear what PCR applications the amended legislation affects. *See Johnson*, 2021 WL 210700, at *3; *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *2

n.3 (Iowa Ct. App. Sept. 2, 2020) ("Because we hold *Allison* . . . did not save Maddox's second PCR petition, we need not address whether this recent legislation, apparently abrogating *Allison*, applies to this appeal."); *Wilder v. State*, No. 19-0157, 2020 WL 1879703, at *1 n.1 (Iowa Ct. App. Apr. 15, 2020). Here, even without the new legislation, Schawitsch's fourth PCR application is time-barred, so we need not address if the amended section applies to his August 2018 application.

**Conclusion.**

Because Schawitsch failed to show his claims overcome the time limitation of section 822.3, we affirm the district court's summary dismissal of his fourth PCR action.

**AFFIRMED.**