In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-1110

STEPHEN SUSINKA,

*Applicant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent*.

Motion for an Order Authorizing the District Court of the Northern District of Illinois, Eastern Division, to Entertain a Second or Successive Motion for Collateral Review.

SUBMITTED JANUARY 17, 2017 — DECIDED FEBRUARY 9, 2017

Before WOOD, *Chief Judge*, and POSNER and EASTERBROOK, *Circuit Judges*.

POSNER, *Circuit Judge*. Stephen Susinka has filed his third application for permission to file a successive motion under 28 U.S.C. § 2255 to vacate his 20-year sentence for participating in a RICO conspiracy. He wants to challenge his sentence on the authority of *Hurst v. Florida*, 136 S. Ct. 616 (2016), which held that Florida's sentencing procedure for capital cases, whereby the jury delivers an advisory verdict but the

judge decides whether to impose a death sentence, violated a defendant's Sixth Amendment right to a jury trial. *Id.* at 620–21. Of course the present case is not a capital case; and anyway *Hurst* was decided in January 2016—months before Susinka filed either of his previous applications, and 28 U.S.C. § 2255(h)(2) permits a successive motion to vacate a sentence on the basis of a new rule of constitutional law only if the new rule was previously unavailable to the movant, which it was not in this case.

Nor can Susinka prevail by basing his motion on newly discovered evidence, even though 28 U.S.C. § 2255(a) provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." For if the motion is rejected and the prisoner later files a new motion, even one based on a valid ground, that motion must be "certified … by a panel of the appropriate court of appeals to contain … newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant *guilty of the offense*." 28 U.S.C. § 2255(h)(1) (emphasis added).

That is a very harsh rule for a prisoner who, like Susinka, is not challenging his guilt of the offense—in effect he is acknowledging his guilt—but only the severity of the sentence.

For by virtue of the rule just quoted he could get nowhere even with new facts that proved conclusively that his sentence was indeed too long—could get nowhere for having failed to challenge an irrelevancy: his conviction, irrelevant because he is not challenging it, but only his sentence. As explained in *Hope v. United States*, 108 F.3d 119, 120 (7th Cir. 1997), "a successive motion under 28 U.S.C. § 2255 … may not be filed on the basis of newly discovered evidence unless the motion challenges the conviction and not merely the sentence." That is an unavoidably correct reading of 28 U.S.C. § 2255(h)(1), whether we like it or not.

We therefore have no alternative to dismissing Susinka's application.